Richard H. LASWELL, Appellant,

v.

The INDUSTRIAL COMMISSION OF MISSOURI, DIVISION OF EMPLOYMENT SECURITY, and R. H. Macy & Company [Co.], Inc., Respondents.

No. KCD 27959.

Missouri Court of Appeals, Kansas City District.

March 1, 1976.

**614**

Richard F. Halliburton, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

Terry C. Allen, Dan J. Chatfield, Jefferson City, for respondent Div. of Emp. Security.

Charles B. Fain, Jefferson City, for Industrial Commission of Missouri.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from judgment affirming decision of The Industrial Commission disqualifying Richard H. Laswell from waiting week credit or benefits for violation of the dress policy of his employer. R. H. Macy & Co., Inc. The dispositive question is whether the employee's violation of the employer's hair code, in the circumstances, amounted to "misconduct connected with his work" to warrant disqualification for unemployment compensation benefits. Reversed and remanded.

R. H. Macy & Co., Inc., owns a department store in Kansas City, Missouri. Richard H. Laswell worked as a photography darkroom operator for the advertising department at the store from December 2, 1970, until May 12, 1972. The employer had a "dress policy" which forbade men to wear beards. Although aware of the policy at the commencement of his employment, Mr. Laswell quit shaving in January, 1971, and grew a full beard, believing he would be permitted to do so because his work did not involve contact with customers. He discussed his wish with his immediate supervisor prior to permitting his beard to grow and "she said that the regulations against beards * * * were directed for people that contacted the public and that [in] my position in the darkroom I would not be identified as an employee and therefore she saw no reason for me not to grow a beard."

In June 1971, Mr. Laswell was given a performance review. Nothing was said about his beard, his work was acceptable, and he received a raise in wages. He continued to wear his beard without question or comment until a review April 18, 1972, when he was told by his employer's personnel manager that his beard was in violation of the employer's rule. Mr. Laswell explained that his desire to wear and to refrain from cutting his beard stemmed from

his belief as a naturalist. His work performance had continued to be satisfactory. The personnel manager agreed to review the matter with the executive committee which refused to make an exception to the employer's policy. An ultimatum followed to shave or look elsewhere for a job. Mr. Laswell's last day at work was May 12, 1972, at which time he had two weeks' accrued vacation pay amounting to $260, which he ultimately received.

Richard H. Laswell made his claim for unemployment compensation benefits May 15, 1972, stating May 12, 1972, was his last day worked for R. H. Macy & Co., Inc., and that "discharge" was the reason for separation. On June 5, 1972, a deputy in the Division of Employment Security determined that the claimant was discharged "because he refused to shave his beard," and that the discharge was "not for misconduct" as to disqualify him for benefits.

The employer appealed the deputy's decision on the ground "claimant voluntarily quit." On July 7, 1972, the appeals tribunal found that claimant, in refusing to shave his beard, left his work and chose unemployment voluntarily without good cause, reversed the deputy's decision, and disqualified claimant for waiting week credit or benefits "until he has earned wages after May 12, 1972, equal to ten times his weekly benefit amount" under Section 288.050.1, RSMo 1969, V.A.M.S.

Mr. Laswell then appealed to The Industrial Commission which, on November 14, 1972, determined that "claimant was discharged for misconduct connected with his work," and modified the decision of the appeals tribunal to disqualify claimant "for waiting week credit or benefits for two weeks for which he claims benefits and is otherwise eligible. Claimant is ineligible for benefits from May 14, 1972, to May 27, 1972, due to the receipt of vacation pay for this period. Subject to the two weeks disqualification the claimant is eligible for waiting week credit or benefits * * *," all under Section 288.050.2, RSMo 1969, V.A.M.S.

The circuit court affirmed the decision of The Industrial Commission of Missouri and this appeal followed. Appellant contends, among other things, that the decision of The Industrial Commission is not supported by competent and substantial evidence and is contrary to the overwhelming weight of the evidence because he was not guilty of misconduct within the meaning of Section 288.050.2, supra. He argues that irrespective of how the issue is denominated, e. g., waiver and estoppel, modification of employment contract, or unreasonableness of the rule in relation to his duties, the facts and circumstances preclude a finding of misconduct. Respondents Division of Employment Security and The Industrial Commission of Missouri contend the Commission's finding of misconduct is proper because the employee deliberately violated the employer's rule against beards; that the employer did not waive its rule or modify the employment contract and, if it did, such waiver or modification was withdrawn or ratified by subsequent reaffirmation of the rule and grant of time for the employee to comply. Respondent Macy has not briefed the appeal.

Upon this review, the court must determine whether the findings of the Commission are supported by competent and substantial evidence and authorized by law. The court may not substitute its judgment on the evidence for that of the Commission, but it is required to decide whether the Commission could reasonably have made its findings and reached its result upon consideration of all the evidence before it, and the court is authorized to set aside the decision if it is contrary to the overwhelming weight of the evidence. Section 288.210, RSMo 1969, V.A.M.S.; *Mid-Continent Aerial Sprayers v. Industrial Com'n.*, 420 S.W.2d 354, 356[3] (Mo.App.1967).

The Commission's disqualification of Mr. Laswell was under Section 288.050.2, supra, which provides that a claimant " * * * shall be disqualified for waiting week credit or benefits for not less than one nor more than eight weeks [in this case two] for

which he claims benefits and is otherwise eligible" if it is found that he "has been suspended or discharged for misconduct connected with his work * * *."

■ The purpose of the Missouri Unemployment Security Act is to provide benefits to unemployed persons, and its disqualifying provisions must be strictly construed. *Citizens Bank of Shelbyville v. Industrial Com'n.*, 428 S.W.2d 895, 898[6] (Mo. App.1968). In the interpretation of applicable statutes, the court's duty is to determine legislative intent from the words used by applying their plain natural meaning to promote the object of the Act. *Bussman Mfg. Co. v. Industrial Com'n.*, 335 S.W.2d 456, 459–460[1–3] (Mo.App.1960).

Determination of whether an act constitutes "misconduct connected with his work" has been a troublesome question, and there is more to the question than a simple or deliberate violation of an employer's rule of conduct. Missouri has accepted the definition found in 76 Am.Jur.2d, Unemployment Compensation § 52, p. 945: " * * * misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." See *Ritch v. Industrial Commission*, 271 S.W.2d 791, 793 (Mo.App.1954). This, or similar, definition has been accepted in a number of jurisdictions which have cautioned against a definition of misconduct so limiting as to defeat the purpose of unemployment security laws, e. g.: " * * * there is imposed by this [misconduct] provision, when it is operative, a forfeiture or penalty on the employee. * * * and in view of the ambiguous or doubtful import

in its meaning as used in the statute, it is necessary and proper to resort to the rule that statutes providing for forfeitures are to be strictly construed and terms and provisions therein, which are ambiguous or of doubtful meaning, will be given the construction which is least favorable to working a forfeiture, so as to minimize the penal character of the provision by excluding rather than including conduct or cases not clearly intended to be within the provision." *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941). Accord *Sewell v. Sharp*, 102 So.2d 259, 261–262[6] (La.App. 1958); *Spaulding v. Florida Industrial Com'n.*, 154 So.2d 334, 339[2] (Fla.App.1963).

The foregoing definition and caveat equate with popular definitions of misconduct, e. g., wrongful or improper conduct; bad behavior; unlawful behavior or conduct, Webster's New International Dictionary, 2d Edition; and with the observation that behavior can be wrongful only in relation to some standard, Kempfer, Disqualification for Voluntary Leaving and Misconduct, 55 Yale L.J. 147, 162.

Appellant does not dispute existence of Macy's rule against beards; he does not deny agreement to adhere to that rule at the inception of his employment December 2, 1970; nor does he claim that Macy had no right to discharge him. His complaint is that The Industrial Commission could not, in the circumstances, find that his discharge was for "misconduct connected with his work."

■ There is also no dispute that prior to growing a beard, the employee obtained approval from his immediate supervisor who was of the opinion that the rule against beards did not apply to employees such as Mr. Laswell whose duties were performed in a darkroom and who had no direct contact with the public. On the strength of his supervisor's permission, in reliance on Macy's approval of his conduct and work at his June, 1971, performance review, and with Macy's continued approval, acquiescence, and forbearance with respect to his work, conduct, and beard, Mr.

Laswell continued to wear his beard without question of a rule violation until his performance review of April, 1972. Only then was his beard questioned, and only after further consideration and subsequent ultimatum in May, 1972, to shave or quit, was his employment terminated. His work was never questioned, and he received satisfactory ratings and a wage increase. There is no evidence that Richard Laswell ever acted in wanton or willful disregard of his employer's interest or to show that his violation of Macy's rule and standard against beards affected his performance, the performance of fellow employees, or Macy's reputation and customers. Neither was he shown to be negligent in any degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to have an intentional and substantial disregard of his employer's interest or his duties and obligations to his employer. To the contrary, the evidence shows his work habits and conduct were permitted, accepted, and approved. Such circumstances are different and distinguishing from respondents' characterization and cases of deliberate violation of a rule, and they preclude a determination of misconduct within the meaning of the statute.

Rules governing employees which operate only as conditions of employment and are unrelated to actual job performance have been characterized as rules of "suitability" or "selection." Packard, Unemployment Without Fault: Disqualifications for Unemployment Insurance Benefits, 17 Villanova L.Rev. 635, 647, n.63 (1972). Thus, " * * breach of a duty to the employer does not alone make the act one 'connected with the work' in the statutory sense. Certainly it would be inconsistent with the policy of the unemployment compensation laws to permit an employer to connect any behavior with the work simply by obtaining an express promise from the employee not to engage in that type of behavior." Kempfer, supra, 55 Yale L.J., l.c. 163 (1945).

This is a case of first impression in Missouri, and the cases from other jurisdictions are not uniform; however, there is support for the result indicated and the writers quoted. An employer's rule requiring discharge of an employee if two garnishments were received on the employee's wages within a nine-month period "does not govern an employee's conduct connected with his work, but, rather, sets forth a condition of employment and continuance therein. It covers the selection and retention of employees, not their conduct on the job or connected with their work. Breach thereof may entitle the employer to discharge his employee, but such discharge is not for misconduct connected with his work as contemplated by the statute." *Reed v. Michigan Employment Security Com'n,* 364 Mich. 395, 110 N.W.2d 907, 908 (1961). Accord, *Robinson v. Brown,* 129 So.2d 45, 46 (La.App. 1961), noting the "vast distinction between the violation of a rule of an employer that would justify the discharge of the employee and a violation of such rule that would warrant a determination of misconduct connected with the employee's employment so as to disqualify him for the statutory unemployment compensation benefits." Cf. *American Sugar Refining Co. v. Taylor,* 115 So.2d 898 (La.App.1959), and *Chrysler Corp. v. Review Board of Indiana Emp. Sec. Div.,* 134 Ind.App. 1, 185 N.E.2d 25 (1962), where there were no circumstances of permission, acquiescence, and forbearance, and note dissent, 185 N.E.2d l.c. 29. Note also that absent testimony from private employer why he discharged employee who was told he was discharged unless he shaved his beard, there was a statutory presumption that employee was not discharged for misconduct, for purposes of unemployment compensation.' *Thornton v. Dept. of Human Resources Develop.,* 32 Cal.App.3d 180, 107 Cal.Rptr. 892 (1973). Cf. *Southern Pacific Transport Co. v. Doyal,* 289 So.2d 882 (La.App.1974), that truck driver discharged for failure to comply with requirement that employees have "conventional haircut" was discharged for misconduct connected with his work, and note that the record was "replete with numerous warnings as to how

and why the employee was in violation of the rule," (l.c. 884), and the lack of any evidence showing permission, forbearance, or acquiescence by the employer in the ever-present failure of the employee to comply.

The concept of misconduct in connection with work is one which can best be delineated by the gradual process of inclusion or exclusion as the cases arise, Kempfer, supra, 55 Yale L.J., l.c. 166. Thus, as indicated, the facts and circumstances of this case do not constitute "misconduct connected with his work" within the meaning of the unemployment compensation act to support the decision of The Industrial Commission

The judgment is reversed and the cause is remanded with directions to further remand the decision to The Industrial Commission with directions to set aside its finding that "claimant was discharged for misconduct connected with his work," and its disqualification of Richard Laswell on that ground from "waiting week credit or benefits for two weeks for which he claims benefits and is otherwise eligible."

All concur.