Edmond CLARK, Plaintiff-Appellant,

v.

LABOR AND INDUSTRIAL RELA-
TIONS COMMISSION of Missouri
et al., Defendants-Respondents.

No. 37757.

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 22, 1977.

Paxton E. Ackerman, Clayton, for plain-
tiff-appellant.

Rick V. Morris, Div. of Emp. Security,
Charles B. Fain, Jefferson City, for Labor
& Industrial Relations Commission.

ARTHUR LITZ, Special Judge.

Plaintiff-appellant appeals from a judg-
ment of the circuit court affirming an order
of the Labor and Industrial Relations Com-
mission which denied his application for re-
view of the decision of an appeals referee of
the Division of Employment Security re-
jecting his appeal for benefits. The sole
issue of the appeal is whether termination
of appellant's employment was voluntary
without good cause attributable to his
work, thus disqualifying him from unem-
ployment benefits.

If the findings of the Commission
were supported by competent, substantial
evidence and not contrary to the over-
whelming weight of the evidence, they
must be affirmed. *LaPlante v. Industrial
Commission*, 367 S.W.2d 24 (Mo.App.1963);
§ 288.210, RSMo 1969. Viewed in the light

most favorable to the finding of the Commission, the evidence reveals that appellant was an electrician employed by John L. Gammage, an electrical contractor. Previous to 1975 Gammage withheld various required taxes from appellant's wages. Prior to being given his first paycheck in January, 1975, the employer told appellant that he, the appellant, would have to henceforth pay his own taxes, whereupon appellant voluntarily quit his employment, claiming he did so for good cause, i. e. although his net pay would be the same, he would need to get his "own bookkeeper" and that would be "an extra expense on me."

Section 288.050 RSMo 1969 provides: "1. Notwithstanding the other provisions of this law a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages equal to ten times his weekly benefit amount if the deputy finds

(1) That he has left his work voluntarily without good cause attributable to his work or to his employer . . ."

There is no dispute that Mr. Clark quit his job. The mere fact that he did leave his employment does not automatically mean that the leaving was voluntary. *Kilgore v. Industrial Commission*, 337 S.W.2d 91 (Mo.App.1960); *Bussmann Mfg. Co. v. Industrial Commission, Division of Employment Security*, 335 S.W.2d 456 (Mo. App.1960); *LaPlante v. Industrial Commission*, 367 S.W.2d 24 (Mo.App.1963). A claimant has the burden of proof to establish his right to benefits. *LaPlante v. Industrial Commission*, supra.

In reviewing the testimony appellant's sole reason for quitting was the anticipated burden of attending to his own tax liability. The Commission ruled that this was not sufficient and that he voluntarily left work without good cause attributable to his work or his employer. This ruling was supported by competent and substantial evidence and we hold that it was not contrary to the overwhelming weight of the evidence. *Meyer v. Industrial Commission*, 240 Mo.App. 1022, 223 S.W.2d 835 (1949); *Union-May-Stern Co. v. Industrial Commis-*

sion, 273 S.W.2d 766 (Mo.App.1954); *LaPlante v. Industrial Commission*, supra.

The judgment of the circuit court is therefore affirmed.

KELLY, P. J., and GUNN, J., concur.