Ella M. THEUS, Plaintiff-Appellant,

v.

The INDUSTRIAL COMMISSION of Missouri, the Division of Employment Security of the State of Missouri, and Allright Electronic Foods, d/b/a Don's World of Beef, Defendants-Respondents.

No. KCD 28968.

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

Motion for Rehearing and/or Transfer
Denied Aug. 5, 1977.

Application to Transfer Denied
Sept. 12, 1977.

voluntarily left her employment, she did so with good cause attributable to her employer. Section 288.050.1(1), RSMo 1969.

Dale K. Irwin, Kansas City, for appellant.

Rick V. Morris, William W. Clinkenbeard, Jefferson City, for respondent, Division of Employment Security.

Charles B. Fain, Jefferson City, for respondent, Labor and Industrial Relations Commission.

Before DIXON, P. J., and WASSERSTROM and TURNAGE, JJ.

DIXON, Judge.

Plaintiff appeals from a judgment of the Circuit Court of Jackson County, Missouri, affirming the order of the Industrial Commission of Missouri denying review of a decision by the Appeals Tribunal of the Division of Employment Security rejecting plaintiff's claim for unemployment benefits. For purposes of judicial review, the findings and decision of the Appeals Tribunal becomes that of the Commission. Section 288.200(1), RSMo 1969.

Plaintiff filed a claim for unemployment compensation. A deputy in the Division of Employment Security denied the claim finding that plaintiff left work voluntarily without good cause because no firm promise of a raise had been made. Plaintiff appealed the deputy's decision to the Appeals Tribunal which after a hearing also determined that plaintiff left her work voluntarily without good cause attributable to her work or to her employer. Section 288.050.-1(1), RSMo 1969. Plaintiff's appeal of the decision of the Appeals Tribunal to the Industrial Commission was denied, and the decision of the Commission was then affirmed by the Circuit Court.

Plaintiff argues that the decision of the Commission is against the weight of the evidence, because her employer is estopped by its actions from asserting that she left her employment voluntarily, and, alternatively, that even if it is determined that she

The standard of review for appeals from determinations of the Industrial Commission is governed by statute. "In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." Section 288.210, RSMo 1969. This court may not substitute its judgment on the evidence for that of the Commission, its review being limited to determining on the whole record whether the Commission could have reasonably made its findings, considering the evidence most favorable to the results reached. *Trail v. Industrial Commission of Missouri,* 540 S.W.2d 179 (Mo.App. 1976); *Laswell v. Industrial Commission of Missouri,* 534 S.W.2d 613 (Mo.App.1976).

Plaintiff had been an employee of Don's World of Beef for two and one-half years when she submitted her resignation in November, 1975. She had obtained another job but agreed to continue at Don's World of Beef until after the Future Farmers Convention. Shortly after the convention, while plaintiff was still working, the manager of Don's World of Beef asked her if she would consider staying on if he could get her a pay increase of fifteen cents per hour. Plaintiff agreed, but the manager did not make the request that day. When the manager returned to the restaurant the following day, several employees were angry, having heard, apparently from plaintiff, about his offer. Because of the incident, the manager decided to accept plaintiff's resignation without seeking the salary increase, to which plaintiff replied that she would go ahead and quit to avoid all of the confusion. Plaintiff's prospective employment was no longer available, however, because she had informed them that she was going to stay at Don's World of Beef due to a raise and they, in the meantime, hired someone else.

The Appeals Referee made the following findings of fact:

"The Referee finds that the claimant had given her notice of resignation and that the employer's manager thereafter asked if she would stay and work for the employer if he could secure approval of a 10 or 15 cents per hour pay increase. The Referee finds that the claimant agreed to stay if such an increase could be obtained. The *Referee finds that the claimant was hasty in assuming that a pay increase would be obtained and in notifying her prospective employer that she would not be coming to work. The Referee finds that the claimant had not unconditionally withdrawn her resignation and that the employer decided to accept her resignation* rather than grant a pay increase." (Emphasis supplied).

Plaintiff admits that since she submitted a resignation her separation of employment was, in fact, voluntary, but argues that her employer is estopped from asserting that she voluntarily quit her employment. Plaintiff bases her theory of estoppel upon the manager's promise to seek a pay increase for her arguing that she justifiably relied upon this representation to her detriment in notifying the prospective employer that she would stay with Don's World of Beef. The record reveals that the Referee's finding that plaintiff was too hasty in assuming she would receive a definite pay increase is supported by substantial and competent evidence. Plaintiff's argument fails since the Referee's finding disproves the element of reasonable reliance necessary to her theory of estoppel. *Graham v. Gardner,* 233 S.W.2d 797 (Mo. App.1950); 31 C.J.S. *Estoppel* § 71 (1964).

In support of her second point, plaintiff contends that her first notice of resignation terminated her employment with Don's World of Beef. The manager's later request for her to stay gave rise to a new contract of employment subject to the condition of an increase in salary. The manager's failure to seek such an increase constituted an arbitrary and capricious termination of the new contract which justified plaintiff's subsequent leaving of her employment.

The difficulty with plaintiff's ingenious argument is that it ignores a finding of fact by the Referee that plaintiff's initial resignation was never unconditionally withdrawn and was therefore still in effect when accepted by the manager. Again, there was ample evidence to support this finding of fact, which is, accordingly, binding on this court. Plaintiff does not argue that there was any evidence of good cause attributable to her work or her employer to justify her initial notice of resignation. The point is without merit.

Judgment affirmed.

All concur.