James SAIN, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION et al., Respondents.

No. 38740.

Missouri Court of Appeals, St. Louis District, Division One.

March 14, 1978.

*Chicago R. I. & P. Ry. Co.*, 341 Mo. 536, 108 S.W.2d 44[3–4] (1937); and § 32, 57 Am.Jur.2d, Negligence.

Bruce Nangle, Clayton, for appellant.

William M. Clinkenbeard, Charles B. Fain, Jefferson City, for respondents.

CLEMENS, Presiding Judge.

Plaintiff-claimant James Sain appeals from the judgment of the circuit court affirming the decision of the Labor and Industrial Relations Commission whereby it denied him four weeks' employment benefits.

The issue: Was plaintiff's act in filing a bogus insurance claim, based on his *divorced wife's* disability, a ground for firing him, so as to disqualify him from unemployment compensation benefits? This depends on whether plaintiff's act in filing the disability claim was "misconduct connected with his work."

Plaintiff had been employed by McDonnell-Douglas Corporation (hereafter McDonnell) for eight years. On May 21, 1974 he filed a $588 health benefit insurance claim for his wife's disability. Only when his divorced wife garnisheed plaintiff's wages did McDonnell learn plaintiff had been divorced since February 15, 1972. A further check of McDonnell's records showed plaintiff had made similar insurance claims of more than $6,000.

On August 26, 1975 McDonnell discharged plaintiff for violation of a company rule which prohibited falsification of company records and reports, including insurance claims. Thereafter, plaintiff filed a claim for the unemployment benefits that gave rise to this action. The Division of Employment Security's deputy determined plaintiff was discharged for "misconduct connected with his work" and for that reason was disqualified for his claimed unemployment compensation benefits pursuant to § 288.050, RSMo.1969.

Plaintiff appealed to the Division's appeals tribunal and a hearing was held February 17, 1976. McDonnell's records showed: The company had a group health insurance plan covering all its employees, through its insurer, General American Life

Insurance Company. McDonnell "pay[s] the entire amount of all employees' insurance claims, through General American, with a five per cent override." McDonnell had established rules and regulations for employees concerning the insurance program. Employees are informed of these rules through booklets issued at the start of employment. Plaintiff admitted he had received a copy of the group insurance policy, denoting McDonnell as the policyholder with himself named as "insured person."

The appeals tribunal referee affirmed the decision of the division's deputy finding: Plaintiff had been discharged for filing several fraudulent claims against General American; plaintiff did not deny the alleged misrepresentation; the intentional misrepresentations of material facts concerning disability benefits is misconduct; and, therefore, plaintiff had been discharged for misconduct connected with his work.

For purposes of our review, the decision of the appeals tribunal is deemed to be the decision of the Commission, pursuant to § 288.200. Plaintiff then filed a petition for review in the circuit court and the cause was submitted on the administrative record. The circuit court affirmed the decision of the Commission and plaintiff has appealed.

Plaintiff contends the Commission erred in finding: (1) That a misrepresentation by an employee to a third-person insurance carrier constitutes misconduct connected with his work; and (2) that he made fraudulent insurance claims.

Our review is governed by § 288.210 requiring us to review in the light most favorable to the findings of the Commission. *Lyell v. Labor and Indus. Relations Com'n.,* 553 S.W.2d 899[1] (Mo.App.1977). We may not substitute our judgment on the evidence for that of the Commission, *Laswell v. Industrial Com'n of Missouri,* 534 S.W.2d 613[1] (Mo.App.1976), and we must affirm if the Commission's findings are supported by competent, substantial evidence and are not contrary to the overwhelming weight of the evidence. *Clark v. Labor and Indus. Rel. Commission,* 549 S.W.2d 573[1] (Mo.App. 1977).

■ We consider the two issues in reverse order. Plaintiff contends the Commission's finding that he made fraudulent insurance claims is not supported by the evidence because there is no showing he knew his wife had divorced him. In his appellate brief, however, plaintiff admits that the facts constituting the alleged misconduct are undisputed. The parties stipulated at trial that plaintiff's wife divorced him early in 1972. Plaintiff's claims for insurance benefits for her disability were in evidence. Plaintiff did not refute the charges, nor did he introduce evidence to contradict them. He had the burden of establishing his right to the benefits. *Clark v. Labor and Indus. Rel. Comm.,* 549 S.W.2d 573[2] (Mo.App.1977). Plaintiff failed to meet that burden. We hold, therefore, that the Commission's finding that plaintiff made fraudulent insurance claims was supported by the evidence and the reasonable inferences arising therefrom.

■ We now consider plaintiff's second contention and decide whether his actions constituted "misconduct connected with his work," thereby disqualifying him for unemployment benefits pursuant to § 288.050.2, RSMo.1969. This is a question of law and upon review we are not bound by the Commission's decision. *Belle St. Bank v. Ind. Com'n Div. of Emp. Sec.,* 547 S.W.2d 841[2] (Mo.App.1977).

■ The statute does not define "misconduct connected with his work." We must interpret those words in their "plain and rational meaning in the light of the purpose of the Employment Security Law." *Citizens Bank of Shelbyville v. Industrial Com'n.,* 428 S.W.2d 895[6] (Mo.App.1968). That law provides funds for "persons unemployed through no fault of their own" (§ 288.020(1)) and its disqualifying provisions must be strictly construed. *Citizens Bank, supra.*

■ This is an indefinite area here and in other jurisdictions. One source suggests the concept of "connection with the work" can best be defined "by the gradual process of inclusion or exclusion as the cases arise." Disqualification for Voluntary Leaving and Misconduct, 55 Yale L.J. 147, 166. "Cir-

cumstances to be considered are whether the act occurred during the working hours of employment, whether it occurred on the employer's premises, whether it occurred while the employee was engaged in his work, and whether the employee took advantage of the employment relation in order to commit the act." *55 Yale L.J., supra,* at 166. The author cautions that the absence or presence of one of those circumstances is not conclusive.

Other guidelines have been set out: Poor workmanship, lack of judgment, or the inability to do the job do *not* disqualify a claimant on the basis of misconduct; deliberate falsifications of employment information or job records *are* deemed to be wilful misconduct. Unemployment Insurance Benefits, 17 Villanova L.R. 635. The author of that research also determined that claimants discharged for a *violation of a company* rule or order constituted the largest group involving misconduct. *17 Villanova, supra,* at 647.

A recent Missouri case also analyzed the question of what constitutes "misconduct connected with his work." See *Laswell v. Industrial Com'n. of Missouri, etc.,* 534 S.W.2d 613 (Mo.App.1976). Although that decision does not touch the present case "on all fours," it does note that Missouri and other jurisdictions have accepted the definition (or one similar) found in 76 Am.Jur.2d, Unemployment Compensation § 52, p. 945:

> " . . . misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."

The disability insurance policy here describes McDonnell as the "policyholder," with plaintiff and his dependant, if any, falling into an "eligible class." Plaintiff admits he was divorced from his wife in 1972. He does not deny he made several insurance claims on behalf of his "wife" after the divorce and thereby obtained substantial funds. We cannot agree with plaintiff's contention that there was no "misconduct connected with his work." It was only through his employment relationship with McDonnell that he became eligible for insurance benefits. Plaintiff ignored the caveat on McDonnell's insurance claim form providing that a false statement knowingly made can be cause for disciplinary action. Further, plaintiff violated the company rule prohibiting falsification of company records, including insurance claims. We find substantial justification for such a rule, and further find sufficient nexus between plaintiff's misconduct and his employment relationship with McDonnell. We hold plaintiff's action was "misconduct connected with his work," and he is disqualified for the four weeks' unemployment insurance benefits pursuant to § 288.-050.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.