Ralph **CULLORS**, Respondent,

v.

**MISSOURI DIVISION OF EMPLOY- MENT SECURITY and Labor and Industrial Commission of Missouri, Appellants.**

No. KCD 28808.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Sharon A. Willis, Kansas City, for Division of Employment Sec.

Charles B. Fain, Jefferson City, for Labor and Industrial Relations Commission of Missouri.

K. Colleen Nunnelly, The Legal Aid & Defender Society of Greater Kansas City, Inc., Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

The Missouri Division of Employment Security and the Labor and Industrial Relations Commission of Missouri (appellants) appeal from a judgment of the Circuit Court of Jackson County, Missouri, reversing an order of appellant Labor and Industrial Relations Commission of Missouri affirming a decision of the Appeals Tribunal of the Missouri Division of Employment Security under the Missouri Employment Security Law. The Commission found that the decision of the Appeals Tribunal, denying Ralph Cullors (respondent) benefits because he had left his work voluntarily without good cause attributable to his work or to his employer, Lawrence Gutierrez, d/b/a Professional Placement Service (PPS), was supported by competent and substantial evidence and made in accordance with the law.

On March 11, 1974, respondent was employed by PPS as part of a "contract labor force" to work in the "bin section" of the General Services Administration (GSA) warehouse in Kansas City, Missouri. PPS employees working at the GSA warehouse wore a badge to distinguish them from regular GSA employees. Respondent's shift at the GSA warehouse started at 7:00 A.M.

Mark Paul, the PPS foreman or supervisor at the GSA warehouse, did not report to work until 8:00 A.M. Respondent "signed in" at the GSA warehouse each morning when he arrived at work and picked up a badge. When his shift ended he turned in his badge to Mark Paul. Russell Smith, an employee of GSA, was supervisor of the "bin section". Respondent left work during the morning of November 20, 1974. The circumstances of his doing so are awash with conflicting evidence. Respondent testified that he had been informed there might be some layoffs, and as things were slow the particular morning in question, he asked Russell Smith for "the rest of the day" off in order to check with his union about permanent work. Russell Smith testified that his recollection was that respondent merely told him he wanted to go someplace and he told respondent he would have to see or check with Mark Paul. Respondent then went to see Mark Paul. Mark Paul testified as follows: "And Mr. Cullors walked up to me, and he—he handed me his badge, and he told me that he was going out to look for another job, and he turned and walked out the door." Respondent testified that he asked Mark Paul, as he had Russell Smith, for the rest of the day off in order to check with his union about permanent employment. Mark Paul denied that respondent said anything of that nature. Mark Paul reported to the central office of PPS that respondent had quit or terminated his employment.

So far as here pertinent, respondent was disqualified from recovering benefits if he "left his work voluntarily without good cause attributable to his work or to his employer . . .". Sec. 288.050.1(1), RSMo 1969.[1] All the parties agree that a very narrow issue is involved—did respondent voluntarily quit his work, i. e., voluntarily quit his job? If he did, no contention is made by respondent that he did so "for good cause attributable to his work or to his employer." Respondent does contend, however, that he did not voluntarily quit his job, rather, he merely took a temporary leave of absence for the remainder of the day.

■ The scope of judicial review possessed by the Circuit Court of Jackson County in this matter was statutorily prescribed by Sec. 288.210, RSMo 1969: "In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. . . ." As judicially construed in *Laswell v. Industrial Com'n of Missouri, etc.*, 534 S.W.2d 613, 615 (Mo.App. 1976), a reviewing court "must determine whether the findings of the Commission are supported by competent and substantial evidence and authorized by law . . . [t]he court may not substitute its judgment on the evidence for that of the Commission, but it is required to decide whether the Commission could reasonably have made its findings and reached its result upon consideration of all the evidence before it, and the court is authorized to set aside the decision if it is contrary to the overwhelming weight of the evidence." Add to this the timely admonition that deference is given to the trier of the facts' assessment of the credibility of the witnesses. *Cross v. Industrial Commission*, 359 S.W.2d 494, 500 (Mo.App. 1962). In conjunction therewith, it is noted that the trier of the facts in the instant case believed that Mark Paul's testimony "accurately reflects the truth".

■ As to the relevant inquiry in this case, did respondent voluntarily quit his job as opposed to merely taking a leave of absence for the remainder of the day, this court is constrained to hold that the Commission's finding with respect thereto was supported by competent and substantial evidence and authorized by law, and constituted a finding and result which the Commission could reasonably have made upon consideration of all the evidence before it. The Circuit Court of Jackson County impermissibly substituted its judgment on the evi-

1. Amended, RSMo Supp. 1975.

dence for that of the Commission. In doing so it transcended its limited scope of review as laid down in Sec. 288.210, supra. Restraint on the part of this court to redress the error committed by the circuit court would serve only to compound the initial error.

Judgment reversed and cause remanded to the Circuit Court of Jackson County, Missouri, with instructions to reinstate the order heretofore entered by the Labor and Industrial Relations Commission of Missouri.

Reversed and remanded with instructions.

All concur.