Lester D. BERGMANN, Appellant,

v.

The LABOR AND INDUSTRIAL RELATIONS COMMISSION of Missouri and the Division of Employment Security of the State of Missouri, Department of Labor and Industrial Relations and Air Spray Equipment and Paint, Inc., Respondents.

No. WD 30948.

Missouri Court of Appeals, Western District.

Sept. 2, 1980.

Allan J. Fanning, Kansas City, for appellant.

Kevin M. Hare, Jefferson City, for respondent Labor and Indus. Relations Commission.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for respondent Division of Employment Sec.

Dan Chatfield, Jefferson City, for respondent Air Spray Equipment and Paint, Inc.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

This is an unemployment security case in which the claimant, Bergmann, appeals the decision of the circuit court affirming denial by the Industrial Commission of benefits. At issue was the determination by the Division of Employment Security that Bergmann was disqualified under § 288.050, RSMo 1978, because he voluntarily left his work without good cause attributable to his work or to his employer.

Bergmann was employed by a Kansas City concern owned by his wife's parents and in which he had purchased a one–sixth ownership interest. Formation of a new company to operate from a factory site in Edina was discussed among Bergmann, his father–in–law and two others but failure to reach agreement on some details resulted in Bergmann entering the venture on his own. Actual or potential demands on Bergmann's time in the new business caused the father–in–law/employer to conclude that Bergmann would no longer be available for full time work and this he equated with a resignation. Bergmann, however, contended that his participation in the other venture did not, at the time, interfere with his employment duties, and he left the job only because he was informed that resignation had terminated his employment.

The issue in the case and the only point presented on this appeal is whether competent and substantial evidence led to the factual conclusion that Bergmann had resigned his employment.

Judicial review of decisions by the Industrial Commission is limited by § 288.210,

RSMo 1978, which has been construed to require that the evidence be viewed in the light most favorable to the award. *Jennings v. Labor and Industrial Relations Commission*, 579 S.W.2d 845 (Mo.App.1979). The court may not substitute its judgment on the evidence for that of the Commission and may set aside the decision only if it is contrary to the overwhelming weight of the evidence. *Cullors v. Missouri Division of Employment Security*, 564 S.W.2d 596 (Mo. App.1978).

The evidence here was conflicting as to the effect which Bergmann's entry into a new business would have on availability of his services to his current employer. Bergmann did inform his father–in–law that regardless of the latter's participation, Bergmann intended to join the new business and would go wherever he was needed to serve that business. Some aspects of the business placed the two companies in competition. That the new business would require some of Bergmann's time was not in question, only when he would be away on those duties and for what proportion of his working hours.

The Commission found the evidence persuasive that by electing to perform services for another company when needed, Bergmann could no longer be available for full time employment with his current employer and he thereby brought about his own voluntary separation from work without good cause attributable to his work or to his employer. Construing the evidence in the light most favorable to the Commission's decision, competent and substantial evidence supports that decision, it is not contrary to the overwhelming weight of the evidence and it must be affirmed.

All concur.