FRUEHAUF DIVISION, FRUEHAUF CORPORATION, Respondent,

v.

Charles ARMSTRONG, Appellant.

No. 43532.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 4, 1981.

Stuart R. Berkowitz, Clayton, Timothy Duggan, Jefferson City, for appellant.

Thomas McCarthy, Clayton, for respondent.

CRIST, Presiding Judge.

Claim for benefits under Chapter 288, RSMo.1978, the Missouri Employment Security Law. Charles Armstrong (hereinafter "claimant") was discharged from Fruehauf Corporation (hereinafter "employer") upon the ground that he used abusive and obscene language disrupting the orderly conduct of employer's business. Claimant allegedly used such language as a result of mistreatment by employer in connection with an injury on the job. Claimant denied uttering any obscenities in connection with his alleged mistreatment by employer. Employer's witnesses, however, testified to claimant's use of obscenities.

On August 24, 1979, the deputy concluded that claimant was not entitled to receive benefits for five (5) weeks based upon the finding that claimant's discharge was for misconduct connected with his work. Claimant appealed. After another hearing, the appeals referee affirmed the decision of the deputy. Claimant appealed this decision to the Labor and Industrial Relations Commission (hereinafter "Commission"). On May 20, 1980, the Commission reversed the decision of the appeals referee, concluding that claimant was not discharged for misconduct in connection with his work. Employer appealed to the Circuit Court of St. Louis County. On September 9, 1980, the circuit court reversed the decision of the Commission reinstating the decision of the appeals referee. Claimant appeals.

We must review the record in a light most favorable to the Commission's findings together with all reasonable inferences in support of those findings. Section 288.210, RSMo.1978; *Nelson v. Labor & Indus. Relat. Com'n.*, 594 S.W.2d 356, 358 (Mo. App.1980); *Lyell v. Labor & Indus. Relat. Com'n.*, 553 S.W.2d 899, 901 (Mo.App.1977). Deference must be given to the Commission, as trier of the facts, in its assessment of credibility. *Cullors v. Mo. Div. of Employ. Security*, 564 S.W.2d 596, 598 (Mo.App. 1978).

The decision as to whether claimant's actions constituted "misconduct connected with his work" is a question of law as to which we are not bound by the Commission's findings. *Sain v. Labor & Indus. Relat. Com'n.*, 564 S.W.2d 59, 61 (Mo.App.

1978). Claimant's use of obscenities, as described by employer's witnesses, would constitute sufficient facts to mandate the conclusion of law that claimant was discharged for misconduct connected with his work. This would be true even if claimant's complaint of mistreatment by employer were accepted as fact. The Commission did not, however, make the necessary unequivocal findings of fact as to whether it believed claimant or employer's witnesses on the issue of the use of obscenities.

The judgment of the circuit court must be reversed and the cause remanded to the circuit court with instructions to remand the proceedings to the Commission for it to make amended findings of fact on the issue of the use of obscenities. The Commission can then determine whether or not employer was discharged for misconduct connected with his work.

REINHARD and SNYDER, JJ., concur.