**Donald HELM, Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, Missouri Division of Employment Security, and Truxan Parts/Tire Town, Inc., Respondents.**

**No. 12943.**

Missouri Court of Appeals,
Southern District,
Division One.

June 27, 1983.

Peggy Hedrick, Springfield, for appellant.

Timothy P. Duggan, Jefferson City, for respondent Labor and Indus. Relations Com'n of Missouri.

Larry R. Ruhmann, Rick V. Morris, Jefferson City, for respondent Missouri Div. of Employment Sec.

No appearance for respondent Truxan Parts/Tire Town, Inc.

CROW, Judge.

This is an appeal from a circuit court judgment affirming an order of the Labor and Industrial Relations Commission ("the Commission"). The Commission's order denied appellant's application for review of a decision of an appeals tribunal of the Divi-

■■■■■■■■■■■■■■■■■■

sion of Employment Security. The appeals tribunal affirmed a determination by a deputy, § 288.030(10), RSMo 1978, as amended by Laws 1979, p. 457, that appellant was disqualified for benefits under the Missouri Employment Security Law, chapter 288, RSMo 1978, until he earned wages after August 31, 1981, equal to ten times his weekly benefit amount, because he left his work voluntarily on that date without good cause attributable to his work or to his employer, § 288.050.1(1), RSMo 1978, as amended by Laws 1979, p. 459. By reason of the Commission's denial of appellant's application for review, the decision of the appeals tribunal is deemed to be the decision of the Commission for the purpose of judicial review. § 288.200.1, RSMo 1978.

The Commission found that appellant was absent from work without notice or permission on Friday, August 28, 1981, that appellant appeared the next day and was told by his supervisor that a replacement had been secured for that day, that the supervisor told appellant he did not have time to discuss appellant's absence and would discuss it with appellant on Monday, August 31, that appellant did not report to work August 31 when the shift began at 8:00 a.m., that the supervisor telephoned appellant about 9:30 a.m. that day and told appellant he had 30 minutes to report to work, and that appellant did not report to work that day or thereafter.

Appellant argues the Commission's findings are not supported by competent and substantial evidence. He maintains the evidence shows he was discharged, either (a) on August 29 because of his absence the preceding day, or (b) on August 31 because he was unable to perform the "impossible act" of getting to work 30 minutes after the supervisor's call.

Appellant and the supervisor were the only witnesses. The Commission's findings are based on the supervisor's testimony, which the Commission obviously believed. Appellant's testimony, which the Commission obviously disbelieved, would have supported a finding that appellant was discharged, either on August 29 or August 31.

Had the Commission found appellant was discharged, different rules of eligibility for benefits would have applied. *Laswell v. Industrial Commission,* 534 S.W.2d 613 (Mo. App.1976).

■■■■ As the trier of fact, the Commission may choose to believe or disbelieve all or none of any witness' testimony. *Morris v. Labor and Industrial Relations Commission,* 573 S.W.2d 439, 441[4] (Mo.App.1978). In our review, the findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and our jurisdiction is confined to questions of law. § 288.210, RSMo 1978. We must consider the evidence in the light most favorable to the Commission's findings, together with all reasonable inferences that may be drawn therefrom, and we may not substitute our judgment on the evidence for that of the Commission, or set aside the Commission's findings and order, unless they are clearly contrary to the overwhelming weight of the evidence. *LaPlante v. Industrial Commission,* 367 S.W.2d 24, 27[3] (Mo. App.1963).

■■■■ We hold there is competent and substantial evidence upon the whole record to support the Commission's findings, and that the Commission could have reasonably made its findings from the evidence before it. Accordingly, those findings cannot be disturbed. *Wilson v. Labor and Industrial Relations Commission,* 573 S.W.2d 118, 120[2] (Mo.App.1978). No error of law appears.

Judgment affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.