WESTERN DAIRYMEN COOPERATIVE, INC., Petitioner,

v.

The BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, Richard Palazzolo, Greg A. Traveller, and John J. Riley, Respondents.

No. 19623.

Supreme Court of Utah.

June 29, 1984.

---

Stephen H. Anderson, J. Michael Kelly, Enid Greene, Salt Lake City, for petitioner.

K. Allan Zabel, Floyd G. Astin, Salt Lake City, for respondents.

STEWART, Justice:

Western Dairymen Cooperative, Inc. (WDCI), appeals an order of the Board of Review, Department of Employment Security, granting unemployment benefits to the respondents, Richard Palazzolo, Greg Traveller and John Riley. We reverse.

In 1983 Palazzolo, Traveller, and Riley worked at a WDCI cheese factory. Their duties placed them in close proximity to the foodstuffs produced. In April, 1983, WDCI hired a new plant manager. His quality control supervisor advised him that the inspector from the State Health Department had recently complained about the employees' improper use and disuse of beard nets. Company rules required employees with beards to wear nets.

The manager personally observed the workers and determined that beard nets were not being properly worn to cover facial hair. On May 10, 1983, he called a meeting in which he explained his concern and established a new grooming policy. Effective May 15, 1983, all workers were required to be clean shaven. He also announced at the meeting, and written notice was posted, that those who came to work on May 15 with beards or mustaches would be terminated immediately.

The respondents, who were among thirty-five employees with beards and mustaches, reported to work on May 15 unshaven and were discharged. They concede that they received advance notice of the new policy yet deliberately chose to ignore it. They were the only employees to violate the policy.

The respondents sought unemployment compensation. An administrative law judge affirmed the denial of their application on the authority of U.C.A., 1953, § 35–4–5(b)(1). The Board of Review reversed for the following reasons: (1) the employer unilaterally changed company

policy without discussing the change with the union; (2) the employer took a much stronger position in enforcing the new policy than the old one, since apparently no employees had been fired for failure to wear beard nets; and (3) the new rule exceeded the Health Department standard, which requires only that workers cover their beards with a net.

The sole question on review is whether the Board of Review properly applied the pertinent legal standards in concluding that the employees were entitled to unemployment compensation. In *Trotta v. Department of Employment Security*, Utah, 664 P.2d 1195, 1198 (1983) we stated:

> We do not defer to the Board's application of the legal standards unless the statutory language construed evinces a legislative intention to commit broad discretion to the administrative agency, or the agency, because of its expertise in a given area, is in a better position than the reviewing court to give content and meaning to the statutory terms. *Salt Lake City Corp. v. Department of Employment Security*, [Utah, 657 P.2d 1312, 1316 (1982)].

At the time of the events in dispute, U.C.A. § 35–4–5(b)(1) read:

> An individual is ineligible for benefits or for purposes of establishing a waiting period:
>
>    ....
>
>    ... For the week in which the claimant was discharged for an act or omission in connection with employment, not constituting a crime, which is deliberate, willful, or wanton and adverse to the employer's rightful interest.... [1]

In *Clearfield City v. Department of Employment Security*, Utah, 663 P.2d 440 (1983), in the context of off-the-job misconduct, we held that an employee's act is "deliberate" and "willful" if it is a volitional act by an employee who cannot be heedless of its consequences. We further stated that " '[t]he important element to be considered is the nature of the misconduct and how seriously it affects the claimant's employment or the [employer's] rights.' " *Id.* at 444 (footnotes omitted) (quoting *Employment Security Board v. LeCates*, 218 Md. 202, 209, 145 A.2d 840, 844 (1958)).

Clearly an employer must have broader prerogatives in regulating conduct when employees are on the job than when they are not. An employer must be able to make rules for employee on-the-job conduct that reasonably further the legitimate business interests of the employer. An employer is not required to impose only minimum standards. For purposes of determining eligibility for unemployment compensation, rules may not be unreasonable or unduly harsh, rigorous, or exacting. When rules are changed, adequate notice and reasonable opportunity to comply must be afforded.

In the instant case, it is conceded that the employees knew of the new policy, and deliberately violated it. The sole contested issue, therefore, is whether the violation was "adverse to the employer's rightful interest" as the term is used in § 35–4–5(b)(1).

When an employee is discharged for violating a company rule as to dress, grooming, or hygiene, courts have considered a number of factors in determining whether the employee is eligible for unemployment compensation. *See generally* Annot., *Unemployment Compensation: Eligibility as Affected by Claimant's Refusal to Comply With Requirements as to Dress, Grooming or Hygiene*, 88 A.L.R.3d 150 (1978). The most important factor is whether the rule has a reasonable business purpose, i.e., whether it advances the employer's interests, or is simply a rule of "suitability" or "selection," which operates only as a condition of employment and is unrelated to actual job needs or perform-

---

**1.** This subsection has since been amended, 1983 Utah Laws (1st Special Session) ch. 20, § 3, to include "just cause" as an alternate ground for denying benefits. Although the petitioner argues the "just cause" provision, it offers no reason for applying it retroactively. We therefore do not consider it.

ance. Packard, *Unemployment Without Fault: Disqualifications For Unemployment Insurance Benefits*, 17 Villanova L.Rev. 635, 647 n. 63 (1972), *cited in Laswell v. Industrial Commission*, Mo.App., 534 S.W.2d 613, 617 (1976). Rules upheld as reasonable include a hair net requirement imposed on a worker in a winery which was open to public tours, *McCrae v. California Unemployment Insurance Appeals Board*, 30 Cal.App.3d 89, 106 Cal. Rptr. 159 (1973); a requirement that uniformed police officers be clean shaven and keep their hair a certain length, *Marshall v. District Unemployment Compensation Board*, D.C.App., 377 A.2d 429 (1977); and a hair length requirement imposed on a truck driver who regularly dealt with the public, *Southern Pacific Transport Co. v. Doyal*, La.App., 289 So.2d 882 (1974).

Rules held unreasonable include a hair and beard grooming standard imposed on a crew leader installing fire and burglar alarms, where no relationship was established between the grooming standard and the employee's duties, *Lattanzio v. Unemployment Compensation Board*, 461 Pa. 392, 336 A.2d 595, 88 A.L.R.3d 138 (1975), and a hair length requirement imposed on a construction worker, *Consolidated Construction Co., Inc. v. Casey*, 71 Wis.2d 811, 238 N.W.2d 758 (1976). *See also Laswell v. Industrial Commission, supra. See generally* Annot., *supra*, 88 A.L.R.3d 150, § 4.

■ In the instant case, the Board of Review did not determine whether the new policy had a reasonable business purpose. Clearly, however, a grooming rule of the type at issue was reasonably related to a valid business purpose, especially when a less restrictive policy had not been effective. The new rule was calculated to improve sanitary conditions in the cheese plant. Although the rule went beyond Health Department requirements, it was not an extreme or unreasonable measure. Under the circumstances, the employer was not limited to minimum government standards. In view of WDCI's need to maintain high standards of sanitation, the absence of full employee cooperation in the past, and the need for a uniform policy applicable to all, we hold that the rule was reasonable and the employees' defiance of the rule was not justifiable and was adverse to the employer's legitimate interest. Accordingly, unemployment compensation should not have been awarded.

■ The three grounds relied upon by the Board to support its decision are not legally sufficient under the governing statutory provisions. First, the respondents did not have a right to a continuation of the same rules and working conditions which prevailed when they were first employed. *Marshall, supra*, 377 A.2d at 431. Furthermore, the union contract did not provide for negotiating grooming standards. Although the union contract provided a procedure for submitting grievances to the employer, the employees failed to follow that procedure and simply defied the rule.

■ Second, the fact that the employer took stronger measures to enforce the new policy is of no consequence. Although the employer may have acquiesced in prior improper use or nonuse of beard nets, the new policy and the sanction for violating it were announced in advance. The employees were aware of what was expected. An employer is not estopped from moving from a policy of lax enforcement to more strict enforcement of rules governing employee conduct when the change is made clear to the employees and announced in advance.

■ Finally, on the facts of this case, WDCI was not limited to following minimum government standards.

We conclude that the Board of Review erred by not applying the proper legal standards under U.C.A., 1953, § 35-4-5(b)(1).

Reversed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

DANIELS, District Judge, dissents.

OAKS, J., having resigned, does not participate herein; DANIELS, District Judge, sat.