**Carol Sue KING, Appellant,**

v.

**COMMUNITY BLOOD CENTER OF
The OZARKS and Division of Employment Security, Respondents.**

No. 26675.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 19, 2005.

Motion for Rehearing or Transfer
to Supreme Court Denied Nov. 3, 2005.

Margaret A. Schlachter, Springfield, for Appellant.

Larry R. Ruhmann, St. Louis, for Respondents.

JOHN E. PARRISH, Judge.

Carol Sue King[1] (claimant) appeals the order of the Labor and Industrial Relations Commission (the commission) denying waiting week credit for unemployment compensation benefits. The order disqualified claimant for waiting week credit and benefits for four weeks. This court affirms.

Claimant worked for Community Blood Center of the Ozarks (employer) from August 28, 1995, until she was discharged on January 21, 2004. The commission found:

On January 17, 2004, Employer's surveillance cameras recorded that Claimant worked from 5:49 a.m. until 10:10 a.m. (four hours and 21 minutes). Claimant instructed an employee (Heidi Schisler) under her supervision to write down on Employer's "log" that Claimant had worked seven and three-quarters hours that day.

On January 19, Claimant's supervisor queried Claimant about the large number of hours she worked on January 17 and the resulting overtime liability. Claimant still did not correct the log entry. On January 21, Employer again confronted Claimant with the inaccurate entry. At first, Claimant denied telling Ms. Schisler to record that Claimant worked seven and three-quarters hours that day. After Ms. Schisler was brought into the meeting, Claimant admitted telling her to record an inaccurate number of hours.

---

1. The record on appeal identifies Ms. King as Carol Perkins. Appellant's brief denotes that she was "formerly Perkins."

Claimant states two points on appeal. Both assert that the record on appeal does not support the decision of the commission. Claimant contends the record does not contain substantial and competent evidence of misconduct by claimant to support the commission's denial of benefits. In her argument, claimant refers to her testimony at the hearing conducted in this case. She testified that the recording of incorrect hours worked was a result of mistaken communication between her and Ms. Schisler; that it was not intentional. She argues that, for that reason, she should not be denied waiting week credit for purposes of unemployment compensation benefits; that, by reason of her testimony, the record on appeal is not sufficient to uphold the commission's decision.

Section 288.050.2, RSMo 2000,[2] as it existed at the time of claimant's discharge, provides:

> Notwithstanding the other provisions of this law, if a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstance in each case, shall be disqualified for waiting week credit or benefits for not less than four nor more than sixteen weeks for which the claimant claims benefits and is otherwise eligible.

*Laswell v. Industrial Commission of Missouri*, 534 S.W.2d 613 (Mo.App.1976), states:

> Missouri has accepted the definition found in 76 Am.Jur.2d, Unemployment Compensation § 52, p. 945: " * * * misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."

*Id.* at 616.

As the trier of fact, the Commission may choose to believe or disbelieve all or none of any witness' testimony. *Morris v. Labor and Industrial Relations Commission*, 573 S.W.2d 439, 441[4] (Mo. App.1978). In our review, the findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and our jurisdiction is confined to questions of law. § 288.210, RSMo 1978.[3] We must consider the evidence in the light most favorable to the Commission's findings, together with all reasonable inferences that may be drawn therefrom, and we may not substitute our judgment on the evidence for that of the Commission, or set aside the Commission's findings and order, unless they are clearly contrary to the overwhelming weight of the evidence. *LaPlante v. Industrial Commission*, 367 S.W.2d 24, 27[3] (Mo.App. 1963).

---

**2.** The statute was changed, effective January 1, 2005, subsequent to the events on which this appeal is predicated.

**3.** The substance of this statute, as it relates to the issue stated in the case from which this quotation is taken, remains the same although there have been changes in its language since the 1978 revision.

*Helm v. Labor & Indus. Relations Com'n of Missouri,* 654 S.W.2d 327, 328 (Mo.App. 1983).

The order of the commission is supported by competent and substantial evidence on the whole record. No error of law appears. Further opinion would have no precedential value. The commission's order is affirmed in compliance with Rule 84.16(b).

PREWITT, P.J., and RAHMEYER, J., concur.