John E. Astarb, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Duquesne Light Company, Intervenor.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*John E. Astarb*, petitioner, for himself.

*John Kupchinsky*, Assistant Attorney General, for respondent.

*Diane S. Eismont*, with her *John A. Lee*, for intervenor.

OPINION BY JUDGE MACPHAIL, April 23, 1980:

John E. Astarb (Claimant) has filed an appeal from an order of the Unemployment Compensation Review Board (Board) which affirmed the referee's decision denying benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).[1] We affirm.

---

[1] Section 402(e) of the Law provides in pertinent part as follows:

An employe shall be ineligible for compensation for any week—

. . . .

Claimant had been hired by Duquesne Light Company (Employer) on March 4, 1974 and had attained the status of senior auto body repairman on June 8, 1976. During the period between March 27, 1975 and January 28, 1978, Claimant had received numerous warnings about and suspensions resulting from his poor attitude and work performance. During the period from July 5 to July 12, 1978, Claimant took excessive amounts of time to complete job assignments because he constantly left his assigned work area without justification. Accordingly, Claimant was terminated on July 13, 1978.

The Bureau (now Office) of Employment Security (Bureau) granted benefits and the Employer appealed. The referee reversed the Bureau's determination and denied benefits. Claimant appealed. The Board reversed the referee's decision, but granted the Employer's request for a second hearing. Following the second hearing, the Board found that the Claimant had been discharged for wilful misconduct and affirmed the referee's denial of benefits.

Claimant's argument is largely an attempt to persuade this Court on credibility of the witnesses and resolution of conflicting testimony. These matters are clearly for the Board to rule upon and it is well-settled that this Court is bound by findings of the Board that are based on substantial evidence and free of any fraud. *May v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 507, 395 A.2d 707 (1979); *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). A careful review of the record discloses that the Board's findings are based upon substantial evidence.

---

(e) In which his unemployment is due to his discharge or temporary suspension from work for wilful misconduct connected with his work. . . .

Whether the findings support the conclusion that Claimant's conduct amounted to wilful misconduct is, however, a question of law to be resolved by this Court. *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975).

> Wilful misconduct has been defined as wanton or wilful disregard of the employer's interest; a deliberate violation of rules, a disregard of behavior standards which an employer can reasonably expect or negligence such as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employe's duties.

*Nyzio v. Lee Tire & Rubber Co.*, 26 Pa. Commonwealth Ct. 600, 602, 364 A.2d 981, 982 (1976).

The specific findings of the Board on the issue of wilful misconduct include the following: (1) that Claimant took an excessive amount of time to complete job assignments on July 5, 6, 11 and 12; (2) that this poor performance was a result of Claimant leaving his work area for extended periods of time without justification; and (3) Claimant was discharged for his attitude and poor performance.

It is true, as Claimant points out, that poor attitude per se cannot usually rise to the level of wilful misconduct; however, poor attitude coupled with specific conduct adverse to an employer's interest or resulting in detriment to an employer can justify a finding of wilful misconduct. *Unemployment Compensation Review Board v. Kullen*, 21 Pa. Commonwealth Ct. 488, 346 A.2d 926 (1975). Further, this Court has held that where an employee had previously performed satisfactory work (as did Claimant herein) a decline in work performance can "be construed as conduct showing intentional and substantial disregard

of the employer's interest or the employee's duties and obligations, *i.e.*, wilful misconduct.'' *Kosmalski v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 527, 531, 397 A.2d 875, 876 (1979).

The record shows that Claimant took substantially longer to complete assigned tasks than was necessary and that he was occupied for large portions of his work day in using the phone, visiting with other employees and making unnecessary trips to the parts supply room. It is clear that such conduct is in disregard of the employer's interests and the employee's duties. It is also clear that an employee who neglects assigned work, engages in personal pursuits during working hours, and has received multiple warnings is guilty of wilful misconduct. *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977). The actions of Claimant in the instant case are below the standards that Claimant's Employer could reasonably expect and consequently, they constitute wilful misconduct.

ORDER

AND Now, this 23rd day of April, 1980, the order of the Unemployment Compensation Board of Review denying benefits to John E. Astarb is hereby affirmed.