**DIVERSIFIED ASPHALT, INC.,**
**Plaintiff-Appellant,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION OF MISSOURI and Charles Tyler, Defendants-Respondents.**

No. 43793.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1981.

Don R. Wintermeyer, St. Louis, for plaintiff-appellant.

Dana K. Pulis, Jefferson City, for Labor & Indust.

Rick V. Morris, Jefferson City, for Div. of Employ. Sec.

REINHARD, Judge.

Diversified Asphalt, Inc., appeals from a decision of the Labor & Industrial Relations Commission of Missouri. The Commission, reversing the decision of the appeals referee, held that a claimant for unemployment benefits, a former employee of Diversified, was not disqualified under § 288.050, RSMo 1978. Diversified, on appeal, contends the findings of the Commission are not supported by substantial and competent evidence. We agree and reverse the Commission's decision.

The scope of our review from a decision of the Commission is set out in § 288.210,

RSMo 1978, as follows: "In any judicial proceeding under this section, the findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." Our review under this section has been said to be limited to whether, upon the whole record, the Commission could reasonably have made its findings and reached its result. *LaPlante v. Industrial Commission*, 367 S.W.2d 24, 27 (Mo.App.1963). The evidence is to be considered in the light most favorable to the findings together with all reasonable inferences drawn therefrom which support the decision. *Id.*

Claimant is an asphalt worker who worked for Diversified Asphalt for four months prior to his voluntary termination on October 19, 1979. He filed a claim for unemployment benefits but the deputy found him to be disqualified under § 288.-050 because he left work voluntarily without good cause attributable to his work or to his employer.

Claimant appealed to an appeals tribunal and testified at a hearing held before an appeals referee. Claimant testified he quit because he was told to work out in the rain and he was not willing to do so.

"Q Why were you not willing to work?

A It was not out of the rain, sir. . . . [S]ir, the reason I didn't work, I was gettin' all wet, and I—I was sick—sick, too, was gettin' sick. I was sick the night before that.

Q What—when you say you're sick, what do you mean by sick? What was your problem?

A Well, I was sniffin', and cold, sinus.

Q So is it that you just didn't want to work that one day?

A No, there's—there's a lot of days that we worked when I wasn't—we wasn't supposed to work in the rain, but he wants you to work.

Q All right. Do you—were you treated by a doctor for this cold?

A No."

Claimant later testified that he told his employer he had arthritis.

"Q How long have you had arthritis?

A I got—I got it about—I ain't been havin' it too long.

Q How long would you say you had it, sir?

A I—I can't say 'cause I don't know.

Q I see. Were you ever treated for—by a doctor for arthritis?

A No, sir.

Q So how—how do you know that you have arthritis?

A Well, any time you ache.

Q I see. Any time you ache it's arthritis?

A No, it's not any time you ache. Only at times when you feel it. (Unintelligible) and stuff like that, for gettin' wet out there, workin' in damp and wet weather, and you don't know—you know it's gotta be somethin'."

Claimant produced no medical evidence of any kind which would indicate he was suffering from arthritis. The report of his physical examination prior to employment with Diversified indicates no such ailment and claimant never reported his alleged condition to his employer prior to quitting.

The appeals referee affirmed the decision of the deputy that claimant was disqualified because he left work without good cause attributable to his work. Claimant appealed to the Labor and Industrial Relations Commission. The Commission, with one of its three members dissenting, reversed and made the following findings:

"The Commission finds that the claimant was suffering from a condition which was aggravated by the damp and cold weather to which his job exposed him. . . . The Commission further finds that the claimant did not experience this adverse physical condition prior to his job with his employer. . . . Because this claimant suffered from a physical condition which was aggravated by the condition of his employment, the Commission finds that

this claimant had good cause attributable to his work or employer to leave this job."

 Diversified appealed this determination first to the circuit court, which affirmed, and now to this court. On appeal we review the decision of the Commission, not the judgment of the circuit court. *First Bank of Commerce v. Labor & Industrial Relations Commission*, 612 S.W.2d 39, 42 (Mo.App.1981).

 A physical disability either caused or aggravated by working conditions may be "good cause" for terminating employment, *Bussman Mfg. Co. v. Industrial Commission*, 327 S.W.2d 487, 491 (Mo.App.1959), but the claimant nonetheless bears the burden of establishing both the disability and the causal connection between the disability (or its aggravation) and employment. *Id.*; *O'Dell v. Division of Employment Security*, 376 S.W.2d 137, 142 (Mo.1964). The statute requires that the evidence presented to meet this burden must be "competent and substantial" if the findings of the Commission are to be affirmed. § 288.210, RSMo 1978.

 We hold the evidence supporting the Commission's decision is neither competent nor substantial. The Commission relied upon claimant's testimony that he had arthritis. Apparently its effects were not visible or obvious. Under these circumstances we believe that claimant's case should have been supported by competent medical evidence.

 "It is settled that where a fact finder must determine medical causation that is not within common knowledge or experience, there must be scientific or medical evidence establishing the cause and effect relationship between the complained-of condition and the asserted cause." *Clevenger v. Labor & Industrial Relations Commission*, 600 S.W.2d 675, 676 (Mo.App. 1980). *See also Almon v. Black*, 611 S.W.2d 368 (Mo.App.1981) and cases cited therein. Notwithstanding the fact that arthritis is "numerically the most significant chronic disease faced by the population today," R. Gray, Attorney's Textbook of Medicine ¶ 19.00 (1976), we cannot say the facts as to existence, causation and aggravation of arthritic conditions are within common knowledge and experience so as to dispense with the necessity for some medical evidence. This is especially true where, as here, no visible signs manifest themselves. Aversion to working in the rain is not a physical disability, nor is it good cause to terminate employment which, by its nature, requires exposure to the elements. We do not believe that on the evidence before the Commission it could reasonably have reached its result.

The decision of the Commission is reversed and remanded for further proceedings not inconsistent with this opinion.

CRIST, P. J., and SNYDER, J., concur.