Karen S. POWELL, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, and Marcone Appliance Parts, Respondents.

No. WD 34979.

Missouri Court of Appeals, Western District.

March 27, 1984.

**48**

James Marshall Smith and Effie F. Day, Kansas City, for appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for respondent Div. of Employment Security.

Catherine J. Barrie, Jefferson City, for respondent Labor & Industrial Relations Comm. of Missouri.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM:

Karen Powell appeals from a circuit court judgment affirming an order of the Labor and Industrial Relations Commission. The Commission's order denied Powell's application for review of a decision of an appeals tribunal of the Division of Employment Security. The appeals tribunal affirmed a deputy's determination that Powell was disqualified for eight weeks of unemployment benefits because she was discharged for misconduct connected with her work.[1] Because the Commission denied Powell's application for review, the decision of the appeals tribunal is deemed to be the decision of the Commission for

---

1. This disqualification sanction is found in § 288.050.2, RSMo Supp.1982, which provides:

   Notwithstanding the other provisions of this law, if a deputy finds that a claimant has been suspended or discharged for misconduct connected with his work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case, shall be disqualified for waiting week credit or benefits for not less than one nor more than sixteen weeks for which he claims benefits and is otherwise eligible. In addition to the disqualification for benefits under this provision the division may in the more aggravated cases of misconduct cancel all or any part of the individual's wage credits, which were established through his employment with the employer who discharged him, according to the seriousness of the misconduct.

the purpose of judicial review. §§ 288.200 and 288.210, RSMo 1978. We affirm.

Powell was employed by Marcone Appliance Parts Center for three months and ten days as an office clerk. A compilation of Powell's time records reveals that of the 13 weeks of her employment, she worked a 40-hour week during only seven weeks. She was absent a total of 822 minutes. At the hearing before the appeals tribunal, Powell's supervisor testified that most of Powell's absence time was due to tardiness. She said that Powell rarely notified the employer that she would be late. On other occasions, she notified the employer she would be absent, giving personal excuses which the employer found unacceptable. Powell also took extended lunch periods and left work early. .

Powell's primary job responsibility was to process payable vendor invoices immediately. The employer's manager testified that the employer allowed a maximum of two or three days processing time after receipt of an invoice. There was evidence that on a given day, if an employee worked without interruption, she could process 25 invoices in a period of one hour and forty minutes. Powell failed to timely process the invoices, causing them to lapse into other billing months. There was evidence that as long as 29 business days lapsed before Powell attended to the invoices. Because Powell allowed her workload to back up, the employer had to bring in other employees to complete Powell's work on several occasions. Powell also improperly marked the invoices, resulting in a monetary loss to the employer.

On February 12, 1982, Powell's supervisor spoke with Powell about her attitude and attendance problem. She warned Powell that Powell would be dismissed unless Powell's negative attitude ceased. On March 12, 1982, Powell's superiors again discussed with Powell her need to improve her attitude, attendance and work habits. They imposed a two-week probationary period. On March 17, 1982, Powell's supervisor discharged Powell for several reasons which included attendance, tardiness, poor attitude and unsatisfactory work performance.

Powell testified at the hearing before the appeals tribunal. She stated that she had only one hour's training for her job. On February 1, 1982, Powell also was assigned the task of handling customers' incoming phone calls. She stated she took 30 to 50 calls per day. Powell testified that the complaint calls took as long as 15 minutes each to investigate. Powell also answered the telephone for one hour each day while the receptionist went to lunch. According to Powell, she "did nothing but work from the time I got there till the time I got home."

Powell denied she ever reported an absence was due to "personal problems." She said she missed work only because of doctors' appointments and illness. She attributed her tardiness to the fact that she rode to work with her sister and to the winter weather. Powell also denied she was given a dismissal warning or placed on probation.

The appeals referee found that the employer discharged Powell because of her attitude and job performance. He noted that Powell was counseled about her attitude and that it did not improve. He further found that the invoices were taking much longer than the employer reasonably expected them to take. He wrote: "the Referee finds that the claimant's attitude was poor and her job performance was not up to the standards that the employer had a right to expect and amounts to misconduct connected with the work." He concluded that Powell was discharged for misconduct connected with her work and consequently disqualified her for eight weeks of benefits.

In her sole point on appeal, Powell argues that the Commission's decision improperly expanded the definition of "misconduct" as used in the Missouri Employment Security Law, was not based upon substantial and competent evidence, and was arbitrary, unreasonable and contrary to the overwhelming weight of the evidence.

On appeal of an unemployment compensation decision, we review the decision of the Commission, not the judgment of the circuit court. *Diversified Asphalt, Inc. v. Labor & Industrial Relations Commission,* 622 S.W.2d 716, 719 (Mo.App. 1981). The Commission's findings of fact, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive. We confine our jurisdiction to questions of law. *Helm v. Labor & Industrial Relations Commission,* 654 S.W.2d 327, 328 (Mo.App.1983); *Division of Employment Security v. Labor & Industrial Relations Commission,* 617 S.W.2d 620, 621–22 (Mo.App.1981); § 288.-210, RSMo 1978. This court must consider the evidence in the light most favorable to the Commission's findings, together with all reasonable inferences which may be drawn therefrom, and we may not substitute our judgment for that of the Commission, or set aside the Commission's findings and order, unless they are clearly contrary to the overwhelming weight of the evidence. *Helm v. Labor & Industrial Relations Commission of Missouri,* supra at 328; *Diversified Asphalt, Inc. v. Labor & Industrial Relations Commission,* supra at 718; *Division of Employment Security v. Labor & Industrial Relations Commission,* supra at 622.

As the trier of fact, the Commission may choose to believe or disbelieve all or none of the testimony of any witness. *Helm v. Labor & Industrial Relations Commission,* supra at 328; *Mark Twain Manor Homes, Inc. v. Labor & Industrial Relations Commission,* 631 S.W.2d 72 (Mo.App.1982). The Commission obviously chose to give less weight to Powell's testimony and credibility than to the testimony offered by the employer, adopting findings of fact consistent with the latter's testimony.

The issue, then, is whether the Commission's findings support the conclusion that Powell is guilty of misconduct connected with her work, thereby disqualifying her for unemployment benefits pursuant to Section 288.050.2. This is a question of law, and we are not bound by the Commission's decision. Fruehauf Division, *Fruehauf Corp. v. Armstrong,* 620 S.W.2d 67, 68 (Mo.App.1981); *Sain v. Labor & Industrial Relations Commission,* 564 S.W.2d 59, 61 (Mo.App.1978).

Neither Section 288.050 nor Chapter 288 defines the phrase "misconduct connected with his work." We must interpret those words in their plain and rational meaning in light of the purpose of the Employment Security Law. *Acord v. Labor & Industrial Relations Commission,* 607 S.W.2d 174, 176 (Mo.App.1980); *Sain v. Labor & Industrial Relations Commission,* supra at 61. The purpose of the act is to provide benefits to unemployed persons, and its disqualifying provisions must be strictly construed. *Missouri Division of Employment Security v. Labor & Industrial Relations Commission,* 651 S.W.2d 145, 148 (Mo. banc 1983); *Laswell v. Industrial Commission,* 534 S.W.2d 613, 616 (Mo.App.1976).

As this court noted in *Laswell v. Industrial Commission,* supra at 616, determination of whether certain conduct constitutes "misconduct connected with his work" is a "troublesome question," and there is more to the issue than a simple or deliberate violation of an employer's rule of conduct. Missouri has adopted the following definition found in 76 Am.Jur.2d Unemployment Compensation § 52 (1975):

> [M]isconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's obligations to the employer.

*See Sain v. Labor & Industrial Relations Commission,* supra at 62; *Laswell v. Industrial Commission,* supra at 616; *Von Hoffman Press, Inc. v. Industrial Commission,* 478 S.W.2d 403, 405 (Mo.App. 1972).

The Commission determined that the employer discharged Powell because of her absenteeism, attitude and substandard job performance. It further found that although the employer counseled Powell about her attitude, it did not improve. We recognize that poor workmanship, lack of judgment or the inability to do the job do not disqualify a claimant from receiving benefits on the basis of misconduct. *Sain v. Labor & Industrial Relations Commission,* supra at 62. It has been held in at least one state that absenteeism in and of itself does not amount to misconduct. *Adept Corp. v. Commonwealth, Unemployment Compensation Board of Review,* 62 Pa.Cmwlth. 566, 437 A.2d 109, 110 (1981); *Thompson v. Commonwealth, Unemployment Compensation Board of Review,* 33 Pa.Cmwlth. 338, 381 A.2d 1024, 1026 (1978).[2] Furthermore, poor attitude per se cannot usually rise to the level of misconduct so as to disqualify a claimant for benefits. But, poor attitude coupled with specific conduct adverse to an employer's interest or resulting in detriment to an employer can justify a finding of misconduct. *Astarb v. Commonwealth, Unemployment Compensation Board of Review,* 50 Pa.Cmwlth. 638, 413 A.2d 761, 763 (1980). In *Astarb,* the employee took substantially longer than necessary to complete assigned tasks and was occupied for large portions of the day in using the telephone, visiting with other employees and making unnecessary trips to the parts supply room. The court held that this conduct constituted willful misconduct resulting in a loss of benefits. 413 A.2d at 763.

In *Markley v. Commonwealth, Unemployment Compensation Board of Review,* 47 Pa.Cmwlth. 148, 407 A.2d 144 (1979), the claimant's employer discharged him because of persistent tardiness, early departure, continued and extended periods of time devoted to nonwork-related activity and poor work quality. Prior to the claimant's discharge, the employer sent him a letter requesting he correct his "performance problems." The employer discerned no subsequent marked improvement. The claimant was denied unemployment compensation because of willful misconduct.

The court in *Cole v. Doyal,* 195 So.2d 759 (La.App.1967), found that the employee's discharge for letting his work pile up and taking extended coffee breaks constituted disqualifying conduct.[3] See also *In the Matter of Yaroch,* 333 N.W.2d 448 (S.D. 1983), wherein the claimant was denied benefits for taking too long to complete assigned tasks.

In the instant case, we find there was substantial evidence to support the Commission's decision that Powell's work performance, combined with her poor attitude and attendance record, constitutes misconduct connected with her work within the meaning of Section 288.050.

The Commission did not err in disqualifying Powell from receiving unemployment compensation benefits, nor did the trial court err in affirming the Commission's decision.

The judgment is affirmed.

2. Pennsylvania's unemployment compensation statute denies benefits to claimants guilty of "willful misconduct." Its definition of "willful misconduct" is the same as Missouri's definition of "misconduct connected with his work." *See Hinkle v. Commonwealth, Unemployment Compensation Board of Review,* 9 Pa.Cmwlth. 512, 308 A.2d 173, 174 (1973).

3. Louisiana's definition of misconduct with regard to unemployment compensation is the same as Missouri's *Vernon v. Seitz,* 399 So.2d 723, 727 (La.App.1981).