CONTINENTAL RESEARCH
CORP., Appellant,

v.

LABOR AND INDUSTRIAL RELA-
TIONS COMMISSION OF
MISSOURI, et al., Respondents.

No. 49771.

Missouri Court of Appeals,
Eastern District,
Division One.

April 1, 1986.

Stanley J. Goodkin, Thomas J. DeGroot, Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, Clayton, for appellant.

Charles M.M. Shepherd, Shepherd and Weenick, Clayton, for respondent.

Richard J. Sheehan, Ira L. Blank, Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, Clayton, for appellant.

Alan J. Downs, Jefferson City, for Labor & Indus. Relations Comm.

Rick V. Morris, Jefferson City, for Mo. Div. of Employment Sec.

CARL R. GAERTNER, Presiding Judge.

This is an appeal by an employer from a judgment by the circuit court affirming the Missouri Labor and Industrial Relations Commission's decision that respondent Wood (employee) is entitled to unemployment benefits under § 288.010, et seq., RSMo.1978. We affirm.

The facts surrounding this appeal are not in dispute. After a snow storm in February, 1984, employee was instructed to clear some snow off an overhang at employer's place of business. Employee's supervisor told him to lean a ladder against the side of the building and clear away from the overhang as much snow as he could. This method was not entirely successful, so employee placed a ladder on top of a truck at the loading dock, climbed the ladder to the roof of the building, sat on the edge of the roof and swept away the snow from the overhang.

Later in the day, employee was called into his supervisor's office. Employee was terminated for not getting permission to go on the roof and creating an unsafe environment. Specifically, employer alleged that employee had placed the ladder on top of a truck the wheels of which had not been chocked, and had put pressure on the overhang when employee knew that a similar overhang had recently collapsed. Employee was ordered to leave the premises within fifteen minutes of his termination notice.

Initially, employee was disqualified for 7 weeks of unemployment benefits under the Missouri Employment Security Law by a deputy of the Division of Employment Security. This was based on a finding that employee "failed to follow a direct order of his supervisor" and created an "unsafe situation on the job"; thus, the deputy concluded, employee was guilty of "misconduct connected with his work," § 288.050.2, RSMo.1978.

Employee sought review of this decision in an appeals tribunal of the Division of Employment Security. This tribunal reversed the deputy's determination, finding employee's actions were not insubordinate and not contrary to the employer's best interests. The appeals tribunal's decision was adopted by the Labor and Industrial Relations Commission, and this, in turn, was affirmed by the circuit court.

"Misconduct connected with his work" is not defined in the Missouri Employment Security statute, but Missouri courts have adopted the definition set forth in 76 Am. Jur.2d *Unemployment Compensation* § 52 (1975).

[M]isconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.... One purpose of this type of provision is to deny the benevolent benefits of the statute to those who bring about their own unemployment by conducting themselves, as respects their employment, with such callousness, deliberate or wanton misbehavior, or lack of consideration that, to the minds of reasonable men, would justify the employer in discharging the employee.... The statutory term "misconduct" should not be so literally construed as to effect a forfeiture of benefits by an employee except in clear instances; rather, the term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception.

(footnotes omitted). *See Powell v. Division of Employment Security, etc.,* 669 S.W.2d 47 (Mo.App.1984); and *Laswell v. Industrial Com'n. of Missouri, etc.,* 534 S.W.2d 613 (Mo.App.1976).

In *Laswell,* an employee wore a beard at work, in contravention of company policy. He had been told by his immediate supervisor that the employer's policy against beards actually applied to those employees who had contact with the public, and Mr. Laswell did not have such exposure. Moreover, nothing was said about his beard for over a year after he stopped shaving. The court held that the employee's facial hair decision did not fit within the definition of "misconduct." 534 S.W.2d at 618.

The *Powell* court, on the other hand, found ample support for a finding of misconduct connected with work on the part of an employee. Ms. Powell had failed to perform her work within proper time strictures thereby causing monetary loss to her employer, displayed a negative attitude, and was often absent from or tardy to work. The *Powell* court, although easily able to support the Commission's denial of benefits, was careful to point out that forfeiture provisions in the Employment Security statute should be strictly construed. 669 S.W.2d at 50.

In the instant case, the employee was not guilty of any act of direct disobedience of his supervisor's order; he merely went beyond the suggested procedure in order to accomplish the requested result. His actions were neither adverse to nor in disregard of the employer's interest. Although he may have exercised poor judgment in exposing himself to danger, his conduct does not display the "callousness, deliberate or wanton misbehavior, or lack of consideration that, in the minds of reasonable men" would justify his discharge.

Our review is limited to determining whether the Commission could reasonably have made its finding and reached its result. *Diversified Asphalt, Inc. v. Labor and Industrial Relations Com'n.,* 622 S.W.2d 716, 718 (Mo.App.1981). On the record before us, this standard is easily satisfied. The judgment of the Commission is affirmed.

SMITH and SNYDER, JJ., concur.