**STORZ INSTRUMENT COMPANY, Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, Division of Employment Security and Brenda Edmond, Respondents.**

**No. 51693.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 1986.

Robert W. Stewart, St. Louis, for appellant.

Alan J. Downs, Jefferson City, for Labor and Indus. Relations Com'n.

Sandy Bowers, Jefferson City, for Div. of Employment Sec.

Robert G. Costantinou, St. Louis, for respondent Brenda Edmond.

CRIST, Judge.

Storz Instrument Company (employer) appeals from a judgment of the circuit court affirming a decision of the Labor and Industrial Relations Commission finding that Brenda Edmond (claimant) was not disqualified for unemployment benefits under § 288.050, RSMo (1978). We reverse and remand.

Claimant was dismissed from her job by employer allegedly for misconduct. A division of employment security deputy disqualified claimant from receiving unemployment benefits for a period of twelve weeks. After a hearing the appeals referee (referee) concluded that claimant was not discharged for misconduct connected with her work, and reinstated claimant's benefits. The Labor and Industrial Relations Commission (Commission) granted review and affirmed the decision of the appeals tribunal.

On appeal in an unemployment compensation case, "the findings of the Commission as to the facts ... shall be conclusive." § 288.210, RSMo (1978). However, it is our duty to determine, as a matter of law, whether claimant's actions constituted "misconduct connected with her work" so as to disqualify her for unemployment ben-

efits. *Sain v. Labor & Indus. Relations Com'n*, 564 S.W.2d 59, 61[2] (Mo.App. 1978).

The Commission adopted the opinion of the referee as its own, the referee saw the witnesses and heard the testimony, credibility is a matter for the Commission to decide. *IXL Mfg. Co. v. Labor & Indus. Relations Com'n*, 679 S.W.2d 903, 905[3] (Mo.App.1984). The facts as found by the referee and adopted by the Commission are: claimant worked for employer for approximately five years; claimant lost her job on February 6, 1985; on February 1, 1985, claimant, during a conversation with her immediate superior, "remarked that if she [claimant] lost her job due to the complaint of a certain co-worker, she would kill her;" and the primary reason for claimant's discharge was the threat against co-worker.

The Missouri Employment Security Statute does not define misconduct connected with work. The courts have adopted the definition in 76 Am.Jur.2d *Unemployment Compensation* § 52 (1975) which includes as misconduct "... an act of wanton or willful disregard of ... standards of behavior which the employer has the right to expect of his employee...." *See Continental Research v. Labor & Indus. Relations Com'n*, 708 S.W.2d 749, 750 (Mo.App. 1986).

Claimant denied threatening "a co-worker with bodily harm"; however, referee found she made such a statement and employer "considered [it] to be a personal threat against the life of the co-worker." Commission, in its brief, stresses referee also found the threat "was made out of frustration or during the heat of the moment and was not intended to be and, is too vague to be considered to be a threat against the life of a co-worker." Whatever claimant's intent, referee found employer acted upon it as a real threat; claimant's immediate superior informed her supervisor who notified employer's vice-president of personnel administration. While there was no evidence of prior violence, claimant testified she had been laid off for three days approximately a month prior to her discharge for "inability to harmonize with employees" supposedly arising from an incident with co-worker.

An employer has a right to expect its employees to not act in such a way as to disrupt the work place. A threat against a co-worker related to work and made in the work place could be expected to disrupt work, here diverting three supervisory personnel from their regular duties so they could deal with the threat. An employer cannot require its employees to be best friends; however, it has a right to expect an employee to not be involved in two incidents in one month in which supervisory intervention is required and the same co-worker is involved as the third party to the disruptive behavior.

Accepting as true the findings adopted by Commission and the testimony given by claimant in front of referee, we find as a matter of law that making a threat against the life of a co-worker while at the work place in response to the employment situation is misconduct connected with work. *See Fruehauf Div., Fruehauf Corp. v. Armstrong*, 620 S.W.2d 67, 68–69[4] (Mo. App.1981).

The judgment of the circuit court must be reversed and the cause remanded to the circuit court with instructions to remand the proceedings to the Commission for it to reinstate the twelve-week disqualification.

SATZ, P.J., and KELLY, J., concur.