LINEAR NOTIONS, INC., Appellant,

v.

Wilma JOHNSON,

and

Missouri Division of Employment Security, Respondents.

No. WD 52634.

Missouri Court of Appeals, Western District.

March 11, 1997.

Joel B. Laner, Kansas City, for appellant.

Wilma Johnson, pro se, Ronnae L. Coleman, Mo. Dept. of Employment Security, Kansas City, for respondents.

Before SMART, P.J., and SPINDEN and ELLIS, JJ.

SMART, Presiding Judge.

This case presents issues related to when an employee's refusal to sign a disciplinary report is "misconduct" within the meaning of the employment security law. Wilma Johnson refused to sign such a report because she thought the report was unjustified. An appeals referee found Ms. Johnson was guilty of misconduct for refusing to comply with a reasonable direction from her employer. The Commission reversed the appeals referee's finding that Ms. Johnson was guilty of misconduct. The employer now appeals, contending that Ms. Johnson's refusal to acknowledge the discipline report was insubordinate because it was a deliberate violation of a reasonable direction from her employer. Because we hold that the Commission's decision is supported by the evidence and is not contrary to the overwhelming weight of the evidence, we affirm the award.

Wilma Johnson worked as a bartender at a restaurant in Kansas City operated by Linear Notions, Inc. Linear Notions' policy on absences provides that an employee may miss work without sanction if: (1) the employee is ill and a doctor's note substantiates the reason for the illness; (2) there is a death in the employee's immediate family; or (3) the employee arranges for another employee, other than the "on-call" employee, to cover his or her shift. The "on-call" employee is an individual required to be available for work if needed. On November 4, 1995, Johnson was absent from work due to illness. Johnson did not present her employer with a

doctor's excuse. Johnson testified at the hearing on the matter that she had arranged coverage for her shift. Her shift was covered by the employer's "on-call" employee. This was an arrangement unacceptable under the employer's policies, according to testimony of the employer.

On November 7, the employer's general manager gave Johnson a disciplinary report. He asked her to sign the report. The report cited her for calling in sick, and failing to report to work on November 4, without a doctor's excuse. The report indicated that further infraction would result in termination. Johnson had signed disciplinary reports in the past on at least three other occasions. When Johnson refused to sign the report this time, the manager consulted a corporate officer, who informed the manager that under company policy Johnson was required to sign the form, but that the signature was merely an acknowledgement that she had been counseled. The manager then presented her with a second discipline form. The record fails to show that the purpose of having her sign was communicated to her, and Johnson denies that it was. The form itself said nothing about the significance or effect of the employee signature. The general manager informed Johnson that if she did not sign, she would be discharged. Johnson refused to sign, and was discharged.

Johnson filed a claim for unemployment benefits. A deputy determined that Johnson was disqualified for four weeks of benefits because of misconduct associated with work. Her misconduct was that she refused to sign a disciplinary report. A hearing before the appeals referee was held on December 14, 1995. The referee affirmed the deputy's determination. Johnson appealed the decision to the Commission. It reversed the decision of the appeals referee by a two to one majority. The Commission majority found that the employer failed to sustain its burden of proving by competent and substantial evidence that Johnson had been guilty of misconduct. The Commission noted that the general manager had conceded that there was no violation of the absenteeism policy if the employee arranged for someone to cover her shift. The Commission found that John-son had not violated the employer's rules concerning an absence from work because she found someone to cover her shift. The Commission also found that there was no general requirement that company employees sign the discipline reports. The Commission noted that the general manager was unaware of the requirement until he talked to the corporate officer. The Commission found that "[a]bsent a valid disciplinary report and absent a uniformly enforced policy that the claimant must sign a disciplinary report, the claimant did not act contrary to employer's interests in refusing to sign the same." The dissenting member of the Commission believed that Johnson had deliberately disobeyed a directive of the manager and that the manager's request that Johnson sign the report was reasonable. He found that "[i]t is uncontradicted that the employee's signature did not constitute agreement with the discipline but only acknowledgment of the action being taken." Linear Notions appeals.

### Standard of Review

∎ Section 288.210, RSMo Supp.1995, provides, in pertinent part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Under *Davis v. Research Medical Center*, 903 S.W.2d 557, 571 (Mo.App.1995), the first step in our review is to determine if the record contains sufficient competent and substantial evidence to support the award. If it

does, then we consider all of the evidence in the record, to determine whether the award is against the overwhelming weight of the evidence. *Id.*

### Misconduct

■ The action for which Johnson was terminated was her refusal to sign the report. Linear Notions contends that, by refusing to obey her employer's command to sign the report, she was insubordinate. Linear Notions argues that she was therefore chargeable with misconduct disqualifying her from four weeks of compensation.

■ Section 288.050.2, RSMo 1994, provides:

Notwithstanding the other provisions of this law, if a deputy finds that a claimant has been discharged for misconduct connected with his work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case, shall be disqualified for waiting week credit or benefits for not less than four nor more than sixteen weeks for which he claims benefits and is otherwise eligible.

The statutes do not define "misconduct" but the term has been defined as:

[A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's obligations to the employer.

*Powell v. Division of Employment Sec.,* 669 S.W.2d 47, 50 (Mo.App.1984). The burden of proof rests with the employer. *Garden View Care Center, Inc. v. Labor & Indus. Relations Comm'n,* 848 S.W.2d 603, 606 (Mo.App. 1993).

The employer maintains that a signature on the disciplinary report is not an assent to the correctness of the disciplinary charge. The Commission understood this, and accepted the employer's version of the true purpose of signing the report. The Commission and the appeals referee both found, however, that the requirement of signing the disciplinary report was not generally known within the company. The employee manual does not contain a provision stating that an employee must sign a report, nor does it state that such signature is *not* an admission of the conduct described in the report. The form itself contains no language that informs the claimant that a signature does not signal assent. The Commission could reasonably regard the absence of a clearly communicated, known policy as creating the opportunity for confusion. Johnson also denies that the general manager told her that her signature would *not* constitute an admission of wrongdoing. She testified that she considered the discipline unjust, and that she thought that if she signed the report she would be terminated. Although Johnson had signed other reports in the past, the record does not reveal whether in those cases she intended to agree that the discipline was appropriate. The issue of what she understood on this occasion was a factual matter to be resolved by the Commission.

The appeals referee and the Commission both believed that Johnson did not think the discipline report was justified. The Commission found the disciplinary report to be unwarranted, whereas the appeals referee believed the disciplinary report was warranted. Although these findings are in conflict, the conflict is of no consequence because the issue of whether the disciplinary report was warranted is not the dispositive issue. The issue is whether the employee was guilty of misconduct, which is not necessarily the "flip side" of whether the employer was justified in its actions. The determination as to the objective reasonableness of the employer's actions is not the end of the inquiry. It is Johnson's reasonable perception, and *her* intent, which is material. *Powell,* 669 S.W.2d at 50. The Commission was not bound by the referee's tendency to focus upon whether the employer was reasonable. The Commission could conclude that Johnson believed that her signature would be used against her as an acknowledgement of guilt, and that she was not insubordinate in refusing to acknowl-

edge a report which she did not think was justified.

Linear Notions argues this case as though the Commission has decided that an employer can never successfully defend an unemployment compensation case where an employee has been discharged for insubordination in refusing to acknowledge being counseled about a disciplinary matter. We do not read the Commission's decision that way. We do not disagree with the notion that, as a general principle, an employer has the right to require an employee to acknowledge an employer communication. Here, the evidence falls short of establishing that Johnson was clearly informed that her signature was merely to acknowledge the communication, not to express agreement with it. The employer bore the burden of proof on the issue of misconduct. *Kansas City Club v. Labor & Indus. Relations Comm'n*, 840 S.W.2d 273, 275 (Mo. App.1992). The Commission believed Johnson was confused about the order to sign the report. The natural tendency, whenever there is confusion, will be for the employee to believe that he or she is being asked to sign in order to make a confession of guilt. If there is confusion, an employer may inadvertently convert a compensable discharge (*e.g.*, for inefficiency) into a non-compensable discharge (for misconduct), by, in effect, causing the employee, who is merely confused and intimidated, to appear insubordinate. While it is true that the Commission agreed with Ms. Johnson that the discipline report itself was unwarranted, we conclude that the Commission would have ruled in favor of Ms. Johnson in any event, as long as the Commission believed Ms. Johnson had reason to be confused, and was confused, about the effect of signing the discipline report.

### Conclusion

The issue in this case was whether Johnson was guilty of "misconduct" in refusing to sign the disciplinary report. The Commission believed Johnson's testimony, and concluded that she thought that by signing the report she would be conceding something she should not concede. The Commission be-

lieved that she anticipated that she was going to be fired whether she signed or not, and that the signed discipline report would simply be used as an admission of fault. We hold this factual determination by the Commission is supported by the record. This ruling is also not against the overwhelming weight of the evidence. We affirm the judgment.

SPINDEN and ELLIS, JJ., concur.