Shirley BROWN, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY and Gateway 2000, Inc., Respondents.**

No. WD 53146.

Missouri Court of Appeals, Western District.

May 20, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 1, 1997.

Samuel I. McHenry, Kansas City, for Appellant.

Ronnae L. Coleman, Mo. Div. of Employment Security, Kansas City, for Respondents.

Before LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

LOWENSTEIN, Judge.

This action involves judicial review of a decision by the Labor and Industrial Relations Commission pursuant to the Missouri Employment Security Law, Chapter 288 RSMo 1994, as amended. The issue before the court is whether the Commission's findings are supported by competent and substantial evidence in concluding that appellant, Shirley Brown (Brown), is disqualified from receiving unemployment insurance benefits and that her wage credits accrued through employment are properly canceled because she was discharged for aggravated misconduct connected with her work under § 288.050.2, RSMo 1994.[1]

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

## Facts

Brown worked for respondent, Gateway 2000 (Gateway), a computer manufacturer, from November 14, 1994, until she was discharged on December 13, 1995. At the time of her discharge, Brown was employed as a human resources specialist.

Fred Brown, Mrs. Brown's husband, was also employed by Gateway as a customer service representative. On three occasions, starting October 18, 1995 and ending November 10, 1995, Mr. Brown placed orders on his wife's account for a software upgrade, two software packages and a computer cable, all to be sent free of charge to his wife at home. Mrs. Brown acknowledged that she received the products at her home. Gateway's employee handbook contained a policy prohibiting employees from conducting business with family members or others with whom employees may have a significant relationship. Mrs. Brown acknowledged receipt of the employee handbook.

The evidence established two permissible methods for Gateway employees to receive Gateway's products free of charge. First, Gateway permitted its employees to purchase Gateway computer systems and products through its employee purchase program. The program required employees to make all purchases of programs and upgrades through the purchase coordinator. On June 5, 1995, Brown purchased a computer system, and on a later date, made an additional purchase, both through the proper procedure, using the purchase coordinator. Second, Gateway's customers who purchased computer systems were entitled to free upgrades of certain software products. Depending on the product, the free upgrade expired 30 to 40 days after the computer system had been purchased. Gateway's customers also had 30 days to request free replacements of any items missing from an order. Mr. Brown's orders for the free products shipped to his wife were placed more than 40 days after Mrs. Brown purchased her computer system. Mrs. Brown confirmed that there was a time limit for upgrading software, and that she was aware of Gateway's policy requiring that she order products through the purchase coordinator. The items were not properly ordered through Gateway's employee purchase procedure.

On December 11, 1995, Gateway reviewed Mrs. Brown's account and discovered the account listed several products ordered by Mr. Brown and sent to Mrs. Brown free of charge. The products had a combined value exceeding $450.00. Brown, was discharged on December 13, 1995, for acting with her husband to wrongfully receive computer products at no cost from her employer.

## Prior Administrative Proceedings

This appeal involves Mrs. Brown's subsequent claim for unemployment benefits; a review of the administrative proceedings is, therefore, in order. Mrs. Brown filed her initial claim for unemployment benefits with the Division of Employment Security. The deputy determined that she was disqualified for unemployment benefits for 16 weeks and her wage credits accrued through her Gateway employment from January 1, 1995 to December 13, 1995, were cancelled because she was discharged for aggravated misconduct connected with her work. The ALJ determined Mrs. Brown was discharged for aggravated misconduct because she conspired with her husband to obtain more than $450.00 worth of computer products without paying for them.

Brown appealed to the Appeals Tribunal which reversed the deputy's determination finding there was no evidence that appellant was aware of her husband's actions or otherwise involved in the improper ordering of the items. The Appeals Tribunal focused on Mrs. Brown's lack of participation in ordering the product and found her eligible for unemployment insurance benefits because she was not properly discharged for misconduct. The Appeals Tribunal stated:

> The evidence produced in the record is sufficient to establish that without the claimant's knowledge, the claimant's husband ordered items for the claimant's personal computer at no cost to the claimant. There was no specific evidence presented on behalf of the employer to show that the claimant had any knowledge of her husband's actions or had requested that her husband place such an order in her behalf.

The Appeals Tribunal is not persuaded that the employer has met its burden to show by sufficient evidence that the claimant was in anyway involved in the ordering of the items for her personal computer. There was no evidence presented from which it can be reasonably inferred that the claimant's conduct was such as to satisfy the judicial definition of misconduct connected with the work.

Gateway then appealed to the Commission. The Commission issued a unanimous order reversing the Appeals Tribunal, affirming the ALJ's initial decision, and finding Brown had sufficient knowledge that, contrary to company policy, she received and retained certain computer products that were, in effect, stolen from the employer. The Commission focused on Mrs. Brown's receipt and retention of the products as constituting "misconduct" and disqualified her from receiving benefits under § 288.050.2, whether she actually placed the order was irrelevant to the commission's consideration.

Brown now appeals to this court claiming there was not sufficient competent and substantial evidence on the whole record to support the Commission's decision that Brown's discharge was the result of misconduct because she did not personally order the computer products at issue, and she was not aware of her husband's alleged misconduct on her behalf. This case involves a question of law: whether Mrs. Brown's receipt and retention of the computer products ordered by her husband constitutes misconduct under § 288.050.2 and the case law interpreting that statute.

At oral argument, it was intimated that the Commission differed with the ALJ on a matter of credibility and, therefore, an analysis under *Davis v. Research Medical Ctr.*, 903 S.W.2d 557 (Mo.App.1995), was required. This is not the case. The procedural history of this case indicates the Commission's decision overruled the Appeals Tribunal and affirmed the ALJ's initial decision. Both the Commission and the ALJ determined Mrs. Brown was disqualified from receiving unemployment benefits because she was fired for misconduct in connection with her work. The analysis set forth in Davis regarding the standard of review for factual findings is not required here.

## Analysis

Section 288.050.2 provides authority for the denial of unemployment insurance benefits in cases where the "deputy finds that the claimant has been discharged for misconduct connected with his work," and "depending upon the seriousness of the misconduct, as determined by the deputy according to the circumstances of each case," the deputy determines the length of the disqualification between four and sixteen weeks and, in more aggravated cases of misconduct, the claimant's wage credits may be canceled.

■■■■ The claimant's only issue on appeal is that there was not competent and substantial evidence on the record to support a finding of "misconduct" because the claimant's passive conduct in merely receiving the products does not meet the definition of "misconduct." The issue then is whether the Commission's findings support the conclusion Brown engaged in "misconduct connected with her work," thereby disqualifying her for employment benefits under § 288.050.2. This is a question of law, and we are not bound by the Commission's decision. *Powell v. Division of Employment Secur., Labor & Industrial Relations Com.*, 669 S.W.2d 47, 50 (Mo. App.1984).

The term "misconduct" as used in § 288.050.2 is not defined by statute but has been defined according to its plain and ordinary meaning by the courts of this state. Missouri courts have adopted the definition of "misconduct" found in 76 Am.Jur.2d Unemployment Compensation § 77 (1992). Misconduct is defined as:

an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

See *Powell* 669 S.W.2d at 51; *Sain v. Labor & Industrial Relations Comm'n,* 564 S.W.2d 59, 62 (Mo.App.1978); *Laswell v. Industrial Comm'n,* 534 S.W.2d 613, 616 (Mo.App.1976). Using this definition, the Commission concluded that Brown's actions amounted to an intentional and substantial disregard of the employer's interest and of her duties and obligations to the employer. The Commission also found Brown's conduct exhibited disregard for the standards of behavior which Gateway had a right to expect of its employee. To support its conclusion, the Commission stated:

> The employer discharged claimant on December 13, 1995, for acting with her husband to wrongfully receive at no cost, computer products from the employer worth over $450.00. There was no direct evidence that Mr. Brown acted with claimant's knowledge when he entered an order for the products at no cost, when claimant knew that she had not ordered at least two of the items from the purchase coordinator, claimant had reason to know of her husband's wrongful actions. The competent and substantial evidence convinces us that claimant *wrongfully received and retained* the products after they were ordered in her name on or about October 18, 1995, November 10, 1995 and November 28, 1995. Claimant *made no attempt to return* the stolen products to the employer until the employer confronted her on December 11 or 12, 1995. In that regard, claimant acted with Mr. Brown to steal the items from the employer. (Emphasis added).

 Review by this court to determine the sufficiency of the evidence to support a conclusion of "misconduct" is limited.

> This court must consider the evidence in the light most favorable to the Commission's findings, together with all reasonable inferences which may be drawn therefrom, and [the court] may not substitute [its] judgment for that of the Commission, or set aside the Commission's findings and order unless they are clearly contrary to the overwhelming weight of the evidence.

*Powell,* 669 S.W.2d at 50.

This court focuses on the evidence dealing with the conduct of Mrs. Brown, solely, in her relationship with Gateway. The separate misconduct of Mr. Brown does not preclude or exculpate Mrs. Brown's own misconduct.

The record reflected that all employees were given an employee handbook which contained the policy prohibiting employees from conducting business with family members or others with whom they may have a significant relationship. Brown admitted receiving this handbook and executing a written acknowledgement stating that she received and understood the policies in the handbook.

According to Gateway's purchase plan, the proper procedure for employees to purchase computers and software was through the employee purchase coordinator. Brown had purchased a computer and additional upgrade software through the purchase coordinator in the past, showing that she was aware of the purchase plan system and how it worked. The record also revealed that Brown received and retained the improperly ordered products. Finally, Brown admitted she did not report these orders to Gateway.

Brown contends that the mere possession of the software was not evidence that she acted with malice, or even acted at all, and that documentary evidence only showed that someone other than Mrs. Brown ordered the materials. This argument fails because the term "misconduct" is not limited to ordering the material. The Commission was not required to find that Brown personally ordered the software improperly or that she asked or directed her husband to order the software for her. The Commission viewed the receipt and retention of the product as misconduct in and of itself.

Essentially, the claimant was discharged for wrongfully failing to follow the employer's employee purchase procedures in receiving free products from the employer. There is authority for the position that a claimant may be discharged for misconduct in failing to follow a reasonable rule of the employer. In *Hurlbut v. Labor and Industrial Relations Comm'n,* 761 S.W.2d 282 (Mo.App. 1988), the manager of a convenience store was discharged for violating a company rule requiring that she or her employees verify

funds prior to completing their shift, including "running" a copy of the register tape. The manager contended that she was inadvertently negligent in failing to print out the register tape, but that it did not rise to the level of misconduct. The court disagreed, pointing out that she was aware of the required procedure. The court emphasized that she was given a copy of the written policy, that she was aware of the purpose of the directive, and that she admitted to not following the policy. The court held that the Commission could have found, by her action or inaction, that she deliberately disregarded a reasonable rule of her employer and that would suffice to show "misconduct".

Finally, Brown's argument that her actions were not in callous disregard for the employer's interest because she readily returned the items and that they were unused is not dispositive. The uncontroverted evidence established that she returned the items only after she was confronted by the employer.

The Commission found the definition of "misconduct" encompassed Brown's receipt and retention of the employer's merchandise. The Commission pointed out:

> There was no direct evidence that Mr. Brown acted with claimant's knowledge when he entered the order for the products in her name. The evidence persuades us that *upon receiving the products* at no cost, when claimant knew that she had not ordered at least two of the items from the purchase coordinator, *claimant had reason to know* of her husband's wrongful actions. (Emphasis added).

The record in this case contains sufficient competent and substantial evidence to support the Commission's decision. Substantial evidence is evidence which has probative force on the issues, and from which the trier of facts can reasonably decide the case. *Nettie's Flower Garden v. SIS, Inc.*, 869 S.W.2d 226, 231 (Mo.App.1993). The findings of the Commission, through the record and reasonable inferences, reflects an adequate causal connection between the actions of her husband and the specified misconduct of Brown in violation of recognized company rules. The Commission's decision here is supported by sufficient competent and substantial evidence of misconduct. This court, therefore, affirms the Commission's decision.

The judgment is affirmed.

All concur.