IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Infante,                          :
                    Petitioner         :
                                       :
          v.                           :
                                       :
Unemployment Compensation              :
Board of Review,                       :    No. 1711 C.D. 2016
                    Respondent         :    Submitted: January 20, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                      FILED:  June 8, 2017


          Gary Infante (Claimant) petitions for review of the September 29,
2016 order of the Unemployment Compensation (UC) Board of Review (Board),
which denied Claimant unemployment benefits.  Upon review, this Court affirms.

          Claimant worked as a package handler for FedEx Ground (Employer)
in Allentown from October 2015 until his termination on June 8, 2016.[1]  On that
day, Claimant had a verbal disagreement with his supervisor, Jaslyn Figueroa
(Figueroa), when he complained about a co-worker throwing packages on a
conveyor in front of him.  Claimant told Figueroa that she did nothing to help him

---

[1] Unless noted otherwise, the facts are taken from the findings of fact set forth in the
Referee's decision dated September 1, 2016.

and complained that no other employees help him, no one understood English, and no one knew how to do their jobs. The verbal altercation was observed by the Dock Operations Manager, Victor Soto (Soto), who instructed the Claimant to calm down. Soto eventually escorted Claimant into an office. The discussion between Claimant and Soto was overheard by the General Manager, Brian Gallow, and Senior Human Resources Manager, Norene Beaver (Beaver), and they entered the office to intervene. Claimant reiterated his complaints about his co-workers, and was repeatedly asked to calm down. After approximately half-an-hour, Claimant was terminated because he was not willing to listen to Soto and would not calm down.

Claimant applied for unemployment compensation on July 8, 2016. (Certified Record (C.R.) Item 2, Claimant Separation Information, at 1.) In a Notice of Determination dated July 21, 2016, UC Representative Micucci found that Employer had not met its burden to show Claimant was terminated for willful misconduct, and Claimant must be allowed benefits under Section 402(e) of the Unemployment Compensation Law (Law).[2] *Id.* Employer appealed. Following a hearing held August 20, 2016, a Decision and Order dated September 1, 2016 was issued, finding Claimant had been terminated for willful misconduct and was ineligible for unemployment compensation under Section 402(e). (C.R. Item 10, Referee's Decision/Order, at 3.) On September 29, 2016, the Board adopted the

---

[2] We note that Section 402(e) of the Law governs ineligibility for compensation when a claimant is discharged or temporarily suspended from work for willful misconduct. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). We construe the UC Representative's Notice of Determination as providing claimant was not *ineligible* for benefits under Section 402(e).

2

Referee's findings and conclusions and affirmed the decision of the Referee. Claimant now appeals the decision of the Board.[3]

The sole issue presented to this Court is whether the Board's findings of fact were supported by substantial evidence.

Claimant contends the Referee misrepresented Claimant's testimony in the findings of fact, and the Referee's findings did not properly reflect the facts. Additionally, Claimant argues that the third finding of fact, regarding what Claimant said to Figueroa, was based on the hearsay testimony of his managers, as Figueroa did not testify.

Employer argues the findings of fact were supported by substantial evidence. While conflicting testimony was presented, the Referee resolved that conflict in favor of Employer based on her evaluation of witness credibility. Citing *Peak v. Commonwealth*, 501 A.2d 1383 (Pa. 1985), Employer argues that, when testimony is conflicting, it is within the discretion of the Board to resolve evidentiary conflicts, and the court is not empowered to re-evaluate that resolution on review.

**Discussion**

Upon appeal, the Board's findings of fact are taken as conclusive, "so long as the record, taken as a whole, contains substantial evidence to support those findings." *Penflex, Inc. v. Bryson,* 485 A.2d 359, 365 (Pa. 1984). When

---

[3] This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review,* 637 A.2d 695, 697 (1994).

3

conflicting testimony is presented, the court is bound by the findings of the Board so long as the findings are based on substantial evidence. *Astarb v. Commonwealth,* 413 A.2d 761, 763 (Pa. Cmwlth. 1980). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Peak v. Commonwealth*, 501 A.2d 1383, 1387 (Pa. 1985). The Commonwealth Court has long established that "[h]earsay evidence, [a]dmitted without objection, will be given its natural probative effect and may support a finding of the Board, if it is corroborated by any competent evidence in the record, but a finding of fact based [s]olely on hearsay will not stand." *Walker v. Unemployment Compensation Board of Review,* 367 A.2d 366, 370 (Pa. Cmwlth. 1976).

Willful misconduct in the unemployment context has been held to mean a wanton or willful disregard for an employer's interests, a deliberate violation of the employer's rules, a disregard for standards of behavior which an employer can rightfully expect from an employee, or negligence indicating an intentional disregard for the employer's interest or the employee's duties and obligations. *Navickas v. Unemployment Compensation Board of Review,* 787 A.2d 284, 288 (Pa. 2001). The burden of proving willful misconduct lies with the employer. *Brant v. Unemployment Compensation Board of Review*, 477 A.2d 596, 597 (Pa. Cmwlth. 1984). A determination of whether an action constitutes willful misconduct requires a consideration of all circumstances, including the reasons for an employee's noncompliance with an employer's directives. *Grieb v. Unemployment Compensation Board of Review,* 827 A.2d 422, 426 (Pa. 2003).

4

The Referee recognized a conflict in testimony between the Claimant and Employer witnesses and resolved the conflict in favor of Employer. (C.R. Item 10 at 2.) Claimant was terminated for insubordination after failing to calm down as instructed by various managers after a verbal conflict with his supervisor, Figueroa. *Id.* at 3. Beaver testified that she and Soto tried to get Claimant to calm down and come to a resolution. (C.R. Item 9, Transcript of Testimony (T.T.), at 5.) She further testified that, when it became clear Claimant could not be calmed down and was not in a mind to continue, the decision was made Claimant needed to be discharged. *Id.* Claimant's behavior was described as a "circle of words. It just – you know, we addressed one thing and then he'd bring up something else and we'd address that. Then he'd go back to the same thing we just addressed." *Id.* at 6.

Soto testified he saw Claimant "in a very aggressive way, almost charging at [Figueroa] who stands maybe 4'9" and yelling with his arms up." (T.T. at 7.) Soto asked Claimant "three or four times" to leave with him to "get him away from the other employees since he was yelling, insulting people, saying they don't know how to speak English." *Id.* Soto testified that, when he was able to get Claimant to go to the front office, his intention was to write Claimant up for insubordination. *Id.* Claimant continued, however, to claim his co-workers didn't know what they were doing, and that they didn't know English and all spoke Spanish. *Id.* at 7-8. Soto characterized Claimant's behavior as insubordinate to him, to Figueroa, and to Brian Gallow, and disrespectful to his peers. *Id.* at 8. Security was eventually called to escort Claimant from the property. *Id.*

5

Claimant admitted he was upset by the behaviors of his co-workers and testified no one wanted to help him and almost everyone spoke little to no English. (T.T. at 11.) Claimant testified that "people" like to pick fights with him, including managers, reiterating his assertion that no one on the floor spoke English. *Id.* at 12. He asserted that he was intimidating-looking because "maybe they point blank don't have much education, aren't very mature, have maybe a little work experience, et cetera." *Id.* He was on the floor of the warehouse arguing with Figueroa and Soto for half-an-hour before going into the office, where they spent another half hour. *Id.* at 13. While it is not clear from the transcript to whom he was speaking, Claimant testified he said, "…you're going to give me that garbage, you're going to disrespect me like that, forget about it. You don't treat me – talk to me that way." Claimant told Soto "straight to his face, not to sound smart." *Id.*

When provided his belongings, Claimant was handed a bag of Fritos by Soto or a security guard, a gesture at which Claimant took apparent umbrage. (T.T. at 16.) "Now Fritos make me thing [sic], since the place is predominantly Latin [inaudible] little bag of chips, Fritos. That's how I took it." *Id.* Claimant retrieved his phone from his car and began to record conversations in the belief his former coworkers might later accuse him of stalking or harassment. *Id.* In closing, Claimant stated that, on his last day, he "did [his] job. There is no willful misconduct. There is no insubordination." *Id.* at 20. He was working one of the busiest parts of the building and nobody would help out. *Id.* Claimant then reverted to his prior assertions that his co-workers spoke little or no English. *Id.*

The Referee found Claimant was terminated for insubordination after failing to calm down as instructed and his actions constituted a disregard of standards of behavior an employer has a right to expect of an employee and those actions rose to the level of willful misconduct. (C.R. Item 10 at 3.) On this record, we are compelled to agree.[4]

For these reasons, the decision of the Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge

---

[4] Among the many issues Claimant raises regarding the conditions he endured while working for Employer prior to June 8, 2016, is that his manager treated him in a hostile manner. Whether Claimant has or may pursue a claim based on an allegation of hostile work environment, such a claim is not germane to the present matter.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Infante,                                    :
                        Petitioner              :
                                                 :
                v.                               :
                                                 :
Unemployment Compensation                        :
Board of Review,                                 :      No. 1711 C.D. 2016
                        Respondent              :

O R D E R

AND NOW, this 8th day of June, 2017, the Order of the Unemployment Compensation Board of Review dated September 29, 2016, is hereby AFFIRMED.

_____
JOSEPH M. COSGROVE, Judge