Willie GORDON, Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, Missouri Division of Employment Security, and Maryland Cafeteria, Incorporated, Respondents.**

No. 51835.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 27, 1987.

Dennis J. Carpriglione, St. Louis, for appellant.

Larry Raymond Rhumann, St. Louis, Sandy Bowers, Jefferson City, for Division of Employment Sec.

Catherine J. Barrie, Jefferson City, for Labor and Indus. Relations Com'n.

CRIST, Judge.

Claimant appeals the decision of the circuit court affirming the decision of respondent Labor and Industrial Relations Commission (Commission) disqualifying claimant for unemployment benefits, under Chapter 288, RSMo (1978), after respondent voluntarily left work at Maryland Cafeteria, Incorporated (employer) without good cause attributable to his work or to his employer. We reverse and remand.

Claimant had worked, for over twenty years, as a driver delivering food from employer's commissary to its various cafeterias. Employer received a complaint about claimant, and employer on February 15, 1985, notified claimant he was being transferred, at the same pay, from his position as driver to a position as full-time kitchen help. Claimant testified he objected to the transfer because he was not physically able to perform the work required of kitchen help, but employer told him if he did not accept the transfer he would be fired. Claimant did not appear for work thereafter.

Claimant, who appeared *pro se* at the appeals tribunal hearing, asserts the appeals referee did not adequately develop the record in regard to his physical inability to do kitchen work. Claimant further asserts the transcript was inadequate for meaningful review by Commission. We agree. The transcript is so inadequate we are unable to determine if claimant did not report to work after February 15, 1985, because he did not want to transfer to a kitchen job, or because he was physically unable to perform the duties required by the kitchen job.

Commission argues it is the trier of fact, it is in the best position to judge the credibility of witnesses, and its decision should be upheld unless we find, on the whole record, it could not have made its findings

and reached the result it did. *Union-May-Stern Co. v. Industrial Com'n*, 273 S.W.2d 766 (Mo.App.1954). That is true; however, "[a] full and complete record shall be kept of all proceedings" conducted by the appeals tribunal, § 288.190.2 RSMo (Cum. Supp.1984), and "the commission may affirm ... on the basis of evidence previously submitted in such case or may take additional evidence," § 288.200.1 RSMo (Cum. Supp.1984). Additional evidence was not taken. The evidence, as presented in the record available to the Commission and to us, does not represent competent and substantial evidence so as to make the findings of the Commission binding on this court under § 288.210 RSMo (1978).

On the seven pages of a fourteen-page transcript representing claimant's testimony, the reporter wrote "unintelligible" forty-seven times. Testimony on those pages relates to whether claimant may have left his job because of a physical inability to do kitchen work. *See Diversified Asphalt, Inc. v. Labor & Indus. Relations Com'n*, 622 S.W.2d 716, 719 [2] (Mo.App.1981); and *LaPlante v. Industrial Com'n*, 367 S.W.2d 24, 28 [4] (Mo.App.1963). While a certain number of "unintelligibles" may be expected in this kind of case, the transcript taken as a whole is incoherent and insufficient to reflect the testimony of claimant. *Smith v. Labor & Industrial Relations Com'n*, 656 S.W.2d 812, 820 (Mo.App.1983). Commission, attempting to distinguish *Smith*, argues the "unintelligibles" are within claimant's testimony and due to his manner of speaking; the cause of the inadequacy of the transcript is not a part of the record before us. Whatever the reason, the record provides an insufficient basis on which to make a decision.

Holding, as we do, that the record was so difficult to decipher and thus insufficient to support any findings, we do not decide whether the referee made sufficient inquiry of claimant to enable him and the Commission to determine if there was a physical disability so as to make future kitchen work impossible.

The judgment of the circuit court is reversed and the cause is remanded for the Commission to order another hearing before an appeals referee of the Division of Employment Security.

SATZ, P.J., and KELLY, J., concur.