Allison BAYNE, Claimant/Appellant,

v.

OUR LITTLE HAVEN and Division of Employment Security, Respondents.

No. ED 82589.

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 2003.

Allison Bayne, Florissant, pro se.

Our Little Haven, St. Louis, pro se.

Larry R. Ruhmann, St. Louis, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Allison Bayne, appeals from the Labor and Industrial Relations Commission's decision, which affirmed the decision of the Appeals Tribunal. After a telephone hearing, the Tribunal disqualified the claimant for unemployment benefits after concluding that she left her employment with Our Little Haven voluntarily without good cause attributable to the work or the employer.

The claimant complains that the transcript of the hearing before the Tribunal was incomplete because the court reporter marked several parts of it as "unintelligible," and therefore claimant requests a new hearing. In response to the claimant's request, the respondent Division of Employment Security concedes that the case should be remanded to the Commission with orders to hold a new hearing.

The transcript of the telephone hearing contains twenty-eight instances that are marked "unintelligible." During the hearing, the claimant had admitted that she told her supervisor that she was leaving work to move to Spain with her boyfriend. However, in her testimony, she also asserted that she had told others, including her supervisor, that she was unhappy with her job because it did not equate to the job description she was given when she was hired. She said she was frustrated with her changing job duties, which created confusion and disagreements with her co-workers. Several of the unintelligible portions appear to directly relate to the claimant's defense that she did have good cause attributable to her employment, including her assigned duties and her complaints to her supervisor.

Without an adequate record, this Court is unable to determine under section 288.210, RSMo 2000, whether competent and substantial evidence exists to support the findings of the Commission. *Gordon v. Labor and Indus. Relations Com'n*, 723 S.W.2d 903, 904 (Mo.App. E.D.1987). Accordingly, we grant the claimant's request and reverse and remand this cause to the Commission to order another hearing before an appeals referee of the Division of Employment Security.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.