Wanda KIRKEGAARD, Claimant–Appellant,

v.

NORTHFORK OUTFITTERS, INC., Employer, and Division of Employment Security, Respondent.

No. 27461.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 25, 2006.

Appellant appears pro se.

Larry R. Ruhmann, St Louis, for respondent Missouri Department of Labor and Industrial Relations, Division of Employment Security.

GARY W. LYNCH, Judge.

Appellant Wanda Kirkegaard ("Claimant") appeals from the Labor and Industrial Relations Commission's ("Commission") decision, which affirmed the decision of the

Appeals Tribunal ("Tribunal"). After a telephone hearing which began on June 20, 2005 and was continued to July 11, 2005 in order to take additional evidence, the Tribunal disqualified Claimant for unemployment benefits after concluding that she was discharged from her employment with Northfork Outfitters, Inc. ("Employer"), due to misconduct connected with her work.

Seeking reversal of the Commission's decision, Claimant first complains[1] that she was denied the right provided by 8 CSR 10–5.015(10)(B)(2) to cross examine Employer's witness Sandra White ("White") during the hearing before the Tribunal. Respondent Division of Employment Security ("Division") concedes this point and filed a Motion to Remand Case for Additional Evidence premised upon this complaint. Employer has not filed a brief, nor has Employer responded to the Division's Motion to Remand.

The record reflects that the Tribunal first convened the hearing in this case on June 20, 2005. Before taking evidence, the hearing officer informed the parties that the order of questioning for each witness would proceed in the following order: first, the hearing officer; next, the party calling the witness; and finally, the opposing party. Following the testimony of Paul Francis ("Francis"), Employer's representative and its president, Employer called White to testify. The hearing officer posed several questions to White, after which he announced: "At this time I'm going to have to continue the hearing today because I'm scheduled to begin another hearing at 9 o'clock.... So we won't be able to get to the questions for Ms. White by either [Francis] or [Claimant]. But we'll resume with that at a later date."[2]

The hearing was recommenced on July 11, 2005, whereupon the following took place:

[Hearing officer]: ... Now, Mr. Francis, we were taking the testimony of Ms. White as we ran out of time the last time. And you called me last week regarding Ms. White. And I'd like for you to relate on the record what the situation is with Ms. White.

[Francis]: She is having some dental work done this morning that's been scheduled for a while. And she was afraid that if she didn't get this done something about her benefits were going to change or something like that. So she is unable to be on the phone today.

[Hearing officer]: What I'm going to do is proceed with the evidence we do have available. And then at the conclusion of the hearing today, we'll revisit the question of what we need to do about the testimony of Ms. White....

Thereafter, the hearing officer heard additional evidence and closed the hearing without any further mention of White's testimony or what to do about her unavailability on that date. There is no evidence in the record that either Employer or the hearing officer notified Claimant of White's unavailability before recommencing the hearing on July 11, 2005.

1. Claimant also asserts three additional points of error. Because her first point is dispositive of this appeal, we do not address the remaining points. Nothing in this opinion should be construed as a determination of the merits of any of these other points or whether they have been properly raised or otherwise properly preserved for appellate review.

2. 8 CSR 10–5.015(7)(A) provides: "(7) Continuances and Additional Evidence. (A) Any hearing may be continued from time to time or place to place at the discretion of the hearing officer."

■ 8 CSR 10–5.015(10)(B)(2) provides, in relevant part: "[E]ach party has the right to cross-examine opposing witnesses[.]" Employer offered White's testimony to support Employer's claim that Claimant was discharged for misconduct connected with her work, in that Claimant "constantly bosses other coworkers around[,]" including White, who was Claimant's immediate supervisor and Employer's general manager. Therefore, White was an opposing witness to Claimant, and Claimant was, through no fault attributable to her, denied the right to cross examine White. The hearing officer, after acknowledging the need to complete the record concerning White's partial testimony at the beginning of the hearing on July 11, 2005, failed to do so.

The decision of the Tribunal, which was affirmed by the Commission, relied upon White's responses to the hearing officer's questions in finding that "claimant would give orders to employees of equal rank as her and to the employer's second in command[,]" referring to White (as general manger) acting under Francis (as Employer's president). This finding is partially premised upon White's testimony, which was not subjected to cross-examination by Claimant and was relied upon by the Tribunal to support its conclusion that Claimant was discharged for misconduct connected with her work.

■ The Commission erred in affirming the decision of the Tribunal based upon this incomplete record. *See Bayne v. Our Little Haven*, 109 S.W.3d 230, 231 (Mo. App.2003); *Gordon v. Labor & Indus. Relations Comm'n*, 723 S.W.2d 903, 904 (Mo. App.1987). The Tribunal should have accorded the Claimant an opportunity to cross-examine White to complete its record. 8 CSR 10–5.015(10)(B)(2). If the Tribunal determined that White was not available, through no fault of Claimant,

and that Claimant could not otherwise be afforded her right of cross examination, it should have considered striking White's partial testimony from the record and making its decision without any consideration of or reliance upon her testimony. *Lagud v. Kansas City Bd. of Police Com'rs*, 136 S.W.3d 786, 795 (Mo.banc 2004).

Accordingly, we grant Claimant's first point and sustain the Division's Motion to Remand. We reverse the decision of the Commission and remand the case back to the Commission with directions to order the hearing officer to complete the record by either affording the Claimant an opportunity to cross examine White or, in the absence thereof, for consideration of whether White's partial testimony should be stricken from the record.

BATES, P.J., C.J., and GARRISON, J., concur.